[Drake v. Stone et al.]

# Drake *v.* Stone *et al.*

*Bill in Equity to determine who were Beneficiaries under Policy of Life Insurance, and to subject amount due on Policy to Debts of Assured.*

1. *Policy of life assurance; construed.*—An ordinary life policy, payable on the death of the assured, in consideration of the annual premiums paid and to be paid by the assured while in life, for the benefit of the assured's wife and his children by her, bound the insurance company to pay the sum insured, upon the death of the party assured during the existence of the policy, "to the above named parties, to whose benefit this insurance shall enure, whenever the same becomes due, their executors, administrators, &c." When the policy was delivered, assured's wife was living and had several children by her marriage with him. Between the delivery of the policy and the death of the assured, the wife and some of the children died. *Held:*

1. The wife and all her children by the assured, who were in life when the policy was taken out, or their personal representatives, are entitled to share in the insurance.

2. What would be the rights of a child of the assured, born after the delivery of the policy, is not decided.

3. Under an ordinary life policy an interest vests in the person for whose benefit it is taken out, when the policy is delivered, subject to be divested or forfeited on non-payment of the premium, as the policy may prescribe; and on the death of the beneficiary, either before or after the death of the assured, the insurance money goes by bequest or succession, as other personal assets of the beneficiary.

APPEAL from Chancery Court of Mobile.

Heard before Hon. HURIOSCO AUSTILL.

The original bill in this cause was filed on the 28th day of October, 1873, by John H. Stone, Joseph R. Edwards, executor of William J. Matthews, and J. L. Pringle, who were creditors of William B. Drake, against The Knickerbocker Life Insurance Company, The Continental Life Insurance Company, Charles E. Waller, administrator of the estates of William B. and Catherine G. Drake, deceased, William H. Drake, Mary L. French, Alpheus C. French, Samuel C. Sheppard, James E. Webb, administrator of the estate of Lucy T. Sheppard, deceased, William C. Garrett, administrator of the estate of Alpheus B. Drake, deceased, adults; Ida B. Casey, William Walton Drake and William Lanier, minors; and sought to subject the amount due on policies issued by the two insurance companies on the life of W. B. Drake to the claims of complainants as his creditors.

The case made by the bill, so far as necessary to the decision in this case was this: In 1868 the Knickerbocker Life

Insurance Company executed and delivered to William B. Drake, a policy of assurance on his life. Catherine G. was the wife of William B., and was living when the policy of assurance was delivered, but died before her husband. At the date of the delivery of said policy, said Wm. B. and Catherine G. had the following children living : Alpheus B. Drake, who died before either his father or mother, Lucy T. Sheppard, who also died before either of her parents, Mary L. French and William H. Drake, who are still living. The policy of assurance recites that "The Knickerbocker Life Insurance Company, in consideration of the premium of five hundred and seventy-eight dollars and forty cents to them in hand paid by William B. Drake, and of the annual premium of a like sum to be paid on or before the twenty-first day of November, at noon, in each year during the continuance of this policy, do assure the life of William B. Drake, of Hale county, in the State of Alabama, in the amount of ten thousand dollars, for the term of his natural life, for the benefit of his wife, Catherine G. Drake, and her children by the assured. And the said company do hereby promise and agree well and truly to pay, or cause to be paid, at their office, the said sum insured to the above named parties, to whose benefit this insurance shall enure, whenever the same becomes due, their executors, administrators or assigns, within three months after due notice and satisfactory proof of the death of the party whose life is hereby insured, during the continuation and before the termination of this policy."

The insurance company having answered, admitting its liability under the policy, it was ordered to pay the money due thereon into court, and having done so was discharged. The claims of complainants, as creditors of the assured, were adjusted, and the chancellor thereupon decreed that under this policy, Catherine G. Drake, the wife of the assured, and her children by him, living at the time of the delivery of the policy, took an equal interest in the same; that such interest vested in them at the date of the delivery, and was such an interest as passed to their legal representatives, and decreed distribution accordingly. From this decree this appeal is prosecuted by the appellant, William H. Drake, who is a child of William B. and Catherine G. Drake, living at the time of the death of the assured.

THOMAS R. ROULHAC, for appellant.—The contract of insurance is a contingent one, contingent between the insurer and insured, and therefore of necessity contingent as to every one else, and can not possibly confer any vested rights.—See 50 Mo. 49 ; 12 Wis. 233 ; 23 Wis. 113. One thing is certain,

[Drake v. Stone et al.]

that whatever may be the nature of the contract, it is not intended as a bounty from the insured to the beneficiaries, and if this is to furnish any criterion to the construction of it, it would seem equally certain that the insured did not intend to give bounty to strangers or even to creditors of children. See 28 N. J. Eq. 167; 28 La. An. 137; Ib. 938; 4 Vroom. 488; 100 Mass. 503; 23 N. Y. 521; 44 N. Y. 281; 12 East. 183; 59 N. Y. 587; 37 Maine, 350; 34 Conn. 305. All these decisions show conclusively that the beneficiaries acquire no vested interest, under the policy, before the death of the assured.

JAMES E. WEBB, and CHAS. E. WALLER, *contra.*—The contract of insurance was complete on the delivery of the policy, and creates in the beneficiaries vested interests, subject to be defeated by the non-payment of premiums in the future; and this vested interest passes to their legal representatives in case of their death before the death of the assured. The interest vested in them can not be defeated, except by the failure to do some thing which the contract of insurance itself expressly stipulates shall work a forfeiture of the policy.— See 3 Otto, 30; 19 Am. Rep. 530; 7 Metcalf, 363; 40 Conn. 343; 26 N. Y. 9; 5 Metcalf, 328; 2 Phil. Ch. 535; May on Ins. 477, § 392; Bliss on Life Ins. 528, 530, 534, 535.

STONE, J.—The Knickerbocker Life Insurance Company of New York assured the life of Wm. B. Drake, in an ordinary life policy of ten thousand dollars, payable after his death. The annual premium, paid and to be paid by Wm. B. Drake, was five hundred and seventy-eight 40-100 dollars, to be paid annually on a given day during the life of said Wm. B. Drake, and the policy affirms, in its face, that it is "for the benefit of his [said W. B. Drake's] wife, Catherine G. Drake, and her children by the assured." The policy recites that the premiums were to be paid by Wm. B. Drake, and contains the following clause: "And the said company do hereby promise and agree well and truly to pay, or cause to be paid, at their office, the said sum insured to the above named parties, to whose benefit this insurance shall inure, whenever the same becomes due, their executors, administrators or assigns, within three months after due notice and satisfactory proof of the death of the said party whose life is hereby insured, during the continuance and before the termination of this policy." There are no clauses or terms in the policy which give any other or different direction to the sum assured, or which vary the manner of the payment of the death loss. At the time the policy was issued and delivered, Mrs. Cath-

[Drake v. Stone et al.]

arine G. Drake was living, and she had then in life several children, offspring of the assured. Between that time and the death of Wm. B. Drake, Mrs. Catharine G. Drake and some of the said children died. The question presented for our decision is, whether the money paid on this death loss is to be divided only between the children who survived Wm. B. and Catharine G. Drake, one or both, (it matters not which event, in this case ; for no child died between the respective deaths of their parents ;) or whether the widow and all the children who were in life when the policy was taken out, or their legal representatives, are to share in it. The chancellor, by his decree, affirmed the latter of these alternate propositions, and held that the personal representatives of Mrs. Drake, and of the children who died between the time of the delivery of the policy and the death of Mr. Drake, took equally with the surviving children. The question then is, whether the interests of the beneficiaries attached, and became what is called vested at the delivery of the policy, or, whether it was contingent, until the death of the assured *during the continued vitality of the policy.*

Life insurance, as an investment, or, as an economic enterprise, has increased vastly during the last score of years. It can not be classed with any other established or known adventure, and hence much contrariety of opinion obtains as to its true designation. By some it is claimed that, like fire insurance, it is a contract for a year, with a superadded agreement for renewal from year to year, at the pleasure of the person by whom the policy is taken out. And, based on this theory, it is contended that the receipt of the ultimate death loss depends on a contingency which may never happen ; and, hence, the sum to be paid at the death has no such value, as that it may be the subject of a vested interest, but is like an estate dependent on a contingency that may never happen. We think it 'partakes somewhat of the qualities of a saving investment, but there are some differences. In *Piedmont & Arlington Life Insurance Co. v. Young*, at the present term, we said : "Its tendency is to equalize and adjust the burden of domestic sustentation, so as to provide for the families of the short lived, at the expense of those who live longer. The annual premiums paid by the assured, are graduated by the average length of human life ; so that the families of those who are cut down before they reach the average age, share in the surplus paid in by those who are spared beyond that period."

In *N. Y. Life Ins. Co. v. Statham*, 3 Otto, 24–30, the Supreme Court of the United States decided "that the contract [of life insurance] is not an assurance for a single year, with

[Drake v. Stone et al.]

a privilege of renewal from year to year by paying the annual premium, but that it is an entire contract of assurance for life, subject to discontinuance and forfeiture for non-payment of any of the stipulated premiums. Such is the form of the contract, and such is its character. It has been contended that the payment of each premium is the consideration for insurance during the next following year, as in fire policies. But the position is untenable. It often happens that the assured pays the entire premium in advance, or, in five, ten, or twenty annual instalments. Such instalments are clearly not intended as the consideration for the respective years in which they are paid; for after they are all paid, the policy stands good for the balance of the life insured, without any further payment. Each instalment is, in fact, part consideration of the entire insurance for life. . . The value of assurance for one year of a man's life when he is young, strong and healthy, is manifestly not the same as when he is old and decrepit. . . The annual premiums are an annuity, the present value of which is calculated to correspond with the present value of the amount assured, a reasonable per centage being added to the premiums to cover expenses and contingencies. The whole premiums are balanced against the whole insurance." The whole court was unanimous, apparently, on the principles announced above, except Mr. Justice Strong dissenting.

It is said in May on Life Insurance, § 392, that where the policy was for the sole benefit of children, the father could not devise the proceeds to his executors in trust for other purposes. The children in such case became vested immediately upon the delivery of the policy with the entire beneficial interest, and it is then beyond the control of the insured." Such cases are said to "proceed upon the ground that when the policy is issued the rights are vested, and can not be devested without the consent of those to whom they are secured." So, in Bliss on Life Insurance, § 316, it is said, "if the policy, when issued, expressly designates a person as entitled to receive the insurance money, such designation is conclusive, unless some question arises as to the rights of the creditors of the person who paid the premiums, and procured the insurance.—See, also, §§ 333, 338, 339.

In *Continental Life Insurance Co. v. Palmer*, 42 Conn. 60, a wife had insured the life of her husband, the amount payable to herself, if living, if not to their children. She died before her husband, and one of the children died before him, leaving a child. It was "held, that a transmissible interest vested in the children upon the issuing of the policy, and that the child of the deceased child took by descent the interest of its

[Drake v. Stone et al.]

parent, and was entitled to the portion of the fund which the parent would have received, if living."—See, also, *Chapin v. Fellows*, 36 Conn. 132; *Keller v. Gaylor*, 40 Conn. 343; *Conn. Mut. Life Ins. Co. v. Burroughs*, 34 Conn. 305. The same doctrine is asserted in *Hutson v. Menifield*, 51 Ind. 24; *Mut. Protection Ins. Co. v. Hamilton*, 5 Sneed, (Tenn.) 269. See, also, *N. Y. Life Ins. Co. v. Flack*, 3 Md. 341; *Swan v. Snow*, 11 Allen, 224; *Barry v. Equitable Life Assurance Soc.* 59 N. Y. 589; *Libby v. Libby*, 37 Maine, 359.

A few courts hold the contrary of these views, but we decline to follow them.—See *Gambs v. Con. Mut. Life Ins. Co.* 50 Mo. 44; *Clark v. Durand*, 12 Wis. 223; *Kernan v. Howard*, 23 Wis. 108.

We hold that under an ordinary life policy, an interest vests in the person for whose benefit it is taken out when the policy is delivered, subject to be devested or forfeited upon non-payment of the premium, as the policy may prescribe; and that on the death of the beneficiary, either before or after the death of the assured, the fund arising therefrom goes by bequest or by succession, as other personal assets of the beneficiary. We concur with the chancellor in his views, and hold that Mrs. Drake and her children by the assured, living at the time the policy was delivered, share equally as beneficiaries. Whether, if there had been children of the marriage born after the delivery of the policy, such children would have shared in the benefits, we need not inquire. The present record does not raise that question.

In the case of *Continental Life Ins. Co. v. Webb*, 54 Ala. 688, the language of the policy was entirely different from that found in the policy we are construing. And, in that case, much importance was attached to the fact, manifest in that policy, that the contracting parties referred, and intended to conform, to our statutes on the subject. The Knickerbocker Life Insurance policy contains no reference whatever to the statute, and makes no discrimination in the beneficial rights it secures, between the wife and children. We think that case does not conflict with this.

Decree of the chancellor affirmed.