# Zachry, Admr'x, v. Lockard.

*Allotment of Dower; Separate Estate of Widow.*

1. *Dower reduced by estate-in-remainder, of widow.*—In the allotment of dower to the widow, a reduction in the dower interest to be assigned, as provided by Sections 2354 and 2355 of the Code, should be made, where it is shown that the widow owns a separate estate consisting of a vested remainder in certain lands.

2. *Same.*—The operation of §§ 2354-5, of the Code does not depend upon the result of an inquiry as to whether the separate estate of the widow in its existing form is presently productive of an income, or whether it be in possession, or the possession be postponed to some future time or event. A vested estate in remainder, is as much property as an estate in possession.

APPEAL from Pike Probate Court.

Tried before the Hon. W. J. HILLIARD, Judge of Probate.

HUBBARD, WILKERSON & HUBBARD, for appellant, cited, *Kumpe v. Coons*, 63 Ala. 448; 20 Am. & Eng. Encyc. Law, 838; 4 Kent, 204; Leading Cases in Am. Law of Real Prop. (notes by Sharswood and Budd), Vol. 2. 302-3 and 4.

M. N. CARLISLE, for appellee, cited, §§ 2354-5, of Code; Bouvier's Law Dictionary, 563.

McCLELLAN, J.—This is a proceeding prosecuted by the administratrix of the estate of A. T. Lockard, deceased, for the allotment of dower to M. J. Lockard, the widow of the intestate. It was sought in the court below by appropriate averment, and the offer of testimony in support thereof, to reduce the allotment below one-third of decedent's lands by showing that the widow owned a separate estate consisting of a vested remainder in certain lands devised by her father to her mother for life remainder to her in fee. The Probate Court declined to allow this to be done and entered a decree setting apart dower regardless of the value of this separate property of the widow, upon the theory, we infer from the argument of counsel, that inasmuch as dower is intended as a provision for the support of the widow during her life and inasmuch as she derives no rents, incomes or profits as a remainder-man pending the life estate, which may, indeed, continue beyond her own life, it could

not have been the purpose and intent of the legislature in the enactment of Sections 2354 and 2355 of the Code to defeat or reduce dower allotment by reference to, and to the extent of the value of, such separate estate. We find no warrant for this idea in the statute. Nor do we conceive, even from the standpoint of the legislator any reason for its accommodation therein. The operation of the statute does not depend upon the result of an inquiry as to whether the separate estate of the widow in its existing form is presently productive of an income. That it is not, is a fact which goes in diminution, but is not entirely destructive, of its value. If the criterion acted on by the Probate Court, were the proper one a case might readily be conceived in which the separate estate of the widow of great value and presently vested, not only in title, as this is, but in possession as well, could not be taken into the account, because it could not be rented under existing circumstances, as for instance, a vacant lot in a city. But, it is not the criterion by which to determine the question at all. In the contemplation of the statute, and in point of fact, every species of property of a vested character as to title, whether it be in possession, or the possession be postponed to some future time or event which must transpire, and, whether it be rent yielding or not, may be presently applied to the support of the owner. A vested estate in remainder, is as much property as an estate in possession. A fee, so vested, is only less valuable than a fee *in praesenti*, in that possession and enjoyment are postponed during the life estate. Such an estate is as alienable, of course, as an estate in possession. And by alienation, by a bargain and sale of the fee, to vest in the possession and enjoyment of the purchaser, upon the falling in of the life estate, the widow may convert its value into money for her support or into other property which will yield an income commensurate with the income derivable from the dower interest, or that part of it, against her claim to which the value of her separate estate in remainder is set off. We repeat, there was no reason for the legislature to exclude this character of property from the computations required by Sections 2354 and 2355 of the Code, and it is not excluded therefrom.

The Probate Court, therefore, erred in excluding the testimony offered by the administratrix as to the value of Mrs. Lockard's remainder in the lands devised by her father, and in its judgment allowing dower without reference thereto. Its decree must be reversed, and the cause will be remanded.

Reversed and remanded.