# Wadsworth v. Miller, Guardian.

*Petition by Widow for distributive `Share in her Husband's Estate.*

1. *When widow's right to distributive share in husband's estate precluded.*—Where a policy of insurance is taken out by a husband on his life in the name of his wife, as the sole beneficiary, and after his death the amount collected by the wife on said policy, together with her other statutory separate estate, exceeds her distributive share in her husband's estate and her dower interest in his lands, the widow is barred of her dower and distributive share in her said husband's estate. (*Williams v. Williams*, 68 Ala. 405, followed.)

2. *Conclusiveness of settled rule of property.*—A decision of the Supreme Court, which has become a rule of property, should be adhered to by the courts, even where its correctness may be doubted, except upon very clear manifestation of error and injustice.

APPEAL from the Probate Court of Jefferson.

Heard before the Hon. M. T. PORTER.

The proceeding in this case was had upon an application by M. J. McAdory, as the administrator *de bonis non* of the estate of F. L. Wadsworth, deceased, for the final settlement of his administration. F. L. Wadsworth, the intestate, died before February 28, 1887, the date of the adoption of the new married woman's law.

Upon the hearing of said final settlement, as is shown by the bill of exceptions, Bessie J. Wadsworth, the widow of the said F. L. Wadsworth, deceased, introduced evidence showing that he was seized of certain real estate during his coverture with her, and at the time of his death, the annual rental value of which was $840; that the personal property of said decedent, after paying all his debts, and the costs and expenses of the administration, amounted to the sum of $26,771.92, all of which was in money; that besides the said widow, the decedent left surviving him four children, all of whom were minors; that at the time of her husband's death the said Bessie J. Wadsworth had a statutory separate estate amounting to $1,000; that during the life time of said F. L. Wadsworth he took out a policy of insurance upon

[Wadsworth v. Miller, Guardian.]

his life, which was made payable at his death to the said
Bessie J. Wadsworth ; that said policy was for $10,000,
and that after the death of said F. L. Wadsworth this
amount of money was collected by the said Bessie J.
Wadsworth. Upon this evidence the said Bessie J.
Wadsworth moved the court to allow her out of the de-
cedent's estate an amount, which, together with the said
sum of $1,000, (which was the amount of her statutory
separate estate) would equal her distributive share in
her husband's estate, and her dower interest in his lands,
estimating the said dower interest at 7 years rent of such
dower interest. This motion was resisted by J. H. Mil-
ler, guardian of the minor heirs of F. L. Wadsworth, de-
ceased. On the hearing, the motion was overruled and
refused by the court, and to this ruling the said Bessie
J. Wadsworth duly excepted. The court rendered a de-
cree that as the said $1,000 and the amount collected by
the said Bessie J. Wadsworth on the policy of insurance
were in excess of her distributive share and of her dower
interest in her husband's estate, she was not, therefore,
entitled to receive anything in the settlement of said
estate.

The present appeal is prosecuted by the said Bessie J.
Wadsworth, who assigns as error the court's overruling
her motion and the decree rendered.

TOMPKINS & TROY, for appellant, filed an elaborate argu-
ment in opposition to the decision in the case of *Williams v.
Williams*, 68 Ala. 405, in which they insisted that the
money paid to the widow on a policy of insurance, taken
out by the husband during his life time for her benefit,
did not constitute a part of her statutory separate estate,
which was to be deducted from her dower interest and
distributive share in her deceased husband's estate, un-
der the provisions of sections 2715 and 2716 of the Code
of 1876.

T. L. KENNEDY, *contra*.

BRICKELL, C. J.—The single question the case pre-
sents, it is conceded, was decided adversely to the appel-
lant in *Williams v. Williams*, 68 Ala. 405. We have care-
fully considered the able and elaborate argument sub-
mitted by the counsel for the appellant, in opposition to

[Parker *et al.* v. McFerrin.]

the correctness of that decision, but we are not convinced there ought to be a departure from it. The statutes then of force, and which were of force at the death of the husband of the appellant, defining the separate estates of married women, have been superseded by a new system, essentially different, and if that decision is erroneous, whatever of injury or inconvenience could result from it, is past rather than prospective. While the former statutes were of force, the decision was a rule of property, entering into and controlling the settlement, descent and distribution of the estate of deceased husbands, and defined statutory separate estate, as distinguished from the equitable separate estate of married women. In no event, and at no time, could the decision be disturbed, except upon very clear manifestation of error and injustice.—*Bennett v. Bennett*, 34 Ala. 53. Upon its authority, the decree of the court of probate is free from error, and must be affirmed.