(Superior Court of Cincinnati—Special Term.)

WILLIAM. F. GASS vs. THE UNITED STATES LIFE INSURANCE COMPANY.

---

G. insured his life in the U. S. L. I. Co. for the benefit of his mother, and at her death claimed the right from the company to name a new beneficiary (intending to name himself, his executors or assigns.)

This the company refused to permit him to do. He then brought the present action at law against the company to recover as damages for breach of contract the amount of premiums he had paid on the policy. Held—That the executors or administrators of the mother had such an interest in the policy as would deny to the plaintiff the right to call upon the company to declare that the policy had innured him.

---

SMITH J.

This case has been submitted to me upon an agreed statement of facts. The facts, important in the determination of the case, are as follows:

"On the 31st of October, 1890, William F. Gass having previously applied to the defendant company for life insurance received a policy worded as follows:

"The United States Life Insurance Company, in the City of New York.

Age, 35.      Amount $2,000.

(Limited Tontine Dividend Plan.)

"In consideration of the statements and agreements in the application in this policy on the life of Wm. F. Gass (hereinafter called the insured) which are made part of this contract, and in further consideration of the payment of the semi-annual premium of thirty-five dollars and forty-four cents, on or before the thirty-first or last days of October and April in every year for the first twenty years of this contract;

"Does hereby promise to pay at its office in New York City, to Jane Gass (hereinafter called the assured,) her executors, administrators, or assigns, the sum of Two Thousand Dollars (less the balance of the year's premium, if any, and any other indebtedness to the company,) within sixty days after receipt at its said office of satisfactory proofs upon the company's blanks, of the death of the insured; upon the conditions and agreements on the back hereof which are made part of this contract.

"In witness whereof, the said company has, by its President and Secretary, signed this policy at its office in New York City the thirty-first day of October, eighteen hundred and ninety.

"Geo. H. Burford,
"A. Wheelright,      President.
Secretary."

The conditions on the back of the policy need not be recited here as they are unimportant in determining the questions presented by this case. Since the issuing of the policy the plaintiff has paid the premiums as they fell due. Upon the 1st of January, 1895, Jane Gass died with the policy in her possession, it having been delivered to her by the plaintiff.

Thereupon the plaintiff wrote to the insurance company, stating that by reason of the death of his mother, Jane Gass, the beneficiary named in the policy, he was entitled to name a new beneficiary, which he would.

do by naming himself, executors administrators and assigns; and demanding of the company "the issuance of a new policy or the change of the present one, so that it will contain the new beneficiary as named" in the letter.

After considerable correspondence between the parties the company replied that "they would receive and place on file any assignment the plaintiff chose to make without undertaking to pass upon its sufficiency"; that they were not called upon to intermeddle as between plaintiff and the representatives of Jane Gass by deciding before the policy became ue to whom they were obligated to pay it; and expressed a willingness to continue to receive the premiums as they fell due.

Thereupon the plaintiff brought this action at law against the company to recover as damages for breach of contract the premiums which previously had been paid.

It is well settled that when an insurance company refuses to continue to perform its part of a contract of insurance according to the express or implied terms of its policy, that the insured has the right to elect to rescind the contract and sue the company to recover the amount of premiums paid in. Insurance Co. vs. Pottker, 33 Ohio St., 459.

We must inquire, therefore, whether the action of the company is a violation of its duty toward the plaintiff.

Counsel for plaintiff rely largely on the case of Ryan vs. Rothweiler (50 Ohio St., 595.) In that case Charles Thelwig insured his life and made the policy payable to Anna Thelwig, wife of the assured, and in case of her death during the life-time of her husband the policy was made payable to her children by her said husband, to their use or to their guardian, if under age. Mr. and Mrs. Thelwig had one child—a daughter. This daughter left a child. Both the daughter and child died before the insured Charles Thelwig, and upon his death a controversy arose between his representatives and the husband of the daughter as to the right to the proceeds under the insurance policy. The Supreme Court held that, as all the beneficiaries named in the policy by the wife and child had died before the insured, the policy, for want of a beneficiary, had reverted to Mr. Thelwig, and at his death became part of his estate, subject to administration and bequest the same as other parts of his personal estate.

There is, however, a very important difference between the language of the policy in the case just referred to and the policy in this case. In the former case the policy was made payable to Anna Thelwig, wife of the assured, and in case of her death during the life-time of her husband to her children by her said husband. Nothing is said in the policy which would support a claim that upon the death of said wife and children before the insured the policy ran in favor of their legal representatives. But in the present case it is expressly declared in the policy that it is in favor of Jane Gass, her

executors, administrators or assigns, and it is by reason of the probable claim of such executors, administrators or assigns that the insurance company is unwilling to now assume the risk of declaring that such persons are not beneficiaries under the policy.

It is a fundamental principle in the construction of a written instrument that, if possible, force and effect are to be given to every part of it; beause it will not be assumed unless the contrary intention clearly appears that any part was to be without meaning and effect. Applying this principle to this written instrument, I am unable to give it any construction other than that it was the intention of the parties to it, that in the case of the death of Mrs. Gass before her son, that her assigns if she had assigned her interest, or if not, her executors or administrators should become the beneficiaries under the policy.

It is suggested by counsel for plaintiff that the words "executors" or 'administrators" were inserted for the purpose of enabling the estate of Mrs. Gass to recover in case the plaintiff should die before her, and subsequently she should die within the sixty days within which the company is given the privilege of paying the insurance after the receipt of the proofs of death of the plaintiff.

There are two objections to the adoption of this suggeston—

First. If Mrs. Gass were to be alive upon the death of plaintiff, the right to the insurance money would be a vested right, and would necessarily pass to her representatives. The insertion of the words, executors or administrators, to enable them to collect under such circumstances would be unnecessary, and they would be mere surplusage in the policy.

Second. The interpretation of the contract would not satisfactorily explain the meaning of the word "assigns", because under the construction no assignee from Mrs. Gass would acquire an interest to the insurance money unless Mrs. Gass was alive at the death of the plaintiff. But I can see no reason why the word should have this restricted meaning-

It is not necessary to inquire whether the executors, administrators or assigns of Mrs. Gass have an insurable interest in the life of the plaintiff; because "a man may cause his own life to be insured for the benefit of a stranger, and the want of insurable interest in the stranger will not invalidate the policy." Ryan vs. Rothweiler, supra. The sole question in the case is, therefore, as to the intention of the parties as evidenced by the policy.

The following cases are more or less in opposition to the plaintiff's claim.

In Thutson, administrator, vs. Merrifield, administrator, 51 Indiana, 24, the wife held a policy of insurance upon the life of her husband, in which policy the company agreed with her, her executors, administrators and assigns to pay the sum stated in the policy upon the death of her husband.

The wife died, and subsequently her husband died. In a controversy between the representatives of the wife and the representative of the husband, and court giving effect to the words "executors, administrators and assigns," held that the represenatives of the wife were entitled to the money.

In Drake vs Stone et al, 58 Ala., 133, the policy involved was

"An ordinary life policy, payable on the death of the assured in consideration of the annual premiums paid and to be paid by the assured while in life, for the benefit of the assured's wife and his children by her, bound the insurance company to pay the sum insured upon the death of the party assured during the existence of the policy 'to the above-named parties to whose benefit this insurance shall enure whenever the same becomes due, their executors, administrators, etc.' When the policy was delivered, assured's wife was living and had several children by her marriage with him. Between the delivery of the policy and the death of the assured the wife and some of the children died.

Held "First. The wife, and all children by the assured, who were in life when the policy was taken out, or their personal representatives are entitled to share in the insurance."

And in Glanz vs Gloveckler, 104 Illinois, 573:

"Where a party procured a policy of insurance upon his own life for the benefit of his infant daughter which was in express terms made payable upon his decease to her, her executors, etc., and paid all the premiums thereon out of his own funds, making no charge of the same against her, and retaining the custody of the policy. Held, that the contract of the insurance company was with the daughter, and upon her death the legal title in the contract vested in her legal representatives, and that he was legally entitled to the possession of the policy, and that the administrator of the deceased daughter was entitled to an order for its surrender to him."

In a general statement of the law upon this question, May, in his work on Insurance, Section 399n, says: "If the beneficiary die another may be named, unless the charter or contract fixed the benefit in the heir or representatives of the first beneficiary."

The principle declared in these cases seems to me to require that this policy should be so construed as to give the executors or administrators of Mrs. Gass such an interest in this policy as could deny to the plaintiff the right to call upon the insurance company to declare that the policy had reverted to him. Whether the estate of Mrs. Gass must continue to have an executor or administrator until the death of plaintiff, if it expects to enjoy the policy as a beneficiary, is a question that is not presented by this case at this time, because so far as appears in this case, the estate has not yet been settled and closed; the lapse of time since her death, in view of the time given for the filing of accounts by executors or administrators, raises the presumption that it has not yet been settled. But even if the construction which I place upon this policy is not the true one, nevertheless it may be asked has not the insurance company done everything that it can be asked to do? It has expressed a willingness to place on its books any assignment tendered it by the plaintiff. Is the plaintiff entitled to have the insurance company do more? Has he the right to demand of it that it declare what the legal effect of that assignment is? I suggest these inquiries which would require answers against the insurance company before this case could be decided in favor of plaintiff even if the construction which I place upon the policy is not the true one.

Petition dismissed.

Simeon M. Johnson, for plaintiff; Wm. W. Ramsey, for defendant.