[Roquemore *et al.* v. Dent *et al.*, Trustees; and Dent *et al.* Trustees v. Roquemore *et al.*]

# Roquemore *et al. v.* Dent *et al.*, Trustees.

## and

# Dent *et al.*, Trustees, *v.* Roquemore *et al.*

*Bill in Equity for Construction of Trust.*

1. *Insurance on life of husband for benefit of wife and children; wife's interest terminates with her death.*—Under the provisions of the statute in force in 1882 (Code of 1876, §§ 2733-2734), where a man takes out a policy of life insurance in favor of his wife and his children, "their executors, administrators or assigns," upon the death of the wife in 1882, before her husband, her interest in said policy terminates.

2. *Life insurance for benefit of children; includes those born after issuance of policy.*—Where, in a life insurance policy, the insurance is made payable to certain named trustees "for such of his [the assured's] children as might survive him," the beneficiaries named in the policy are the children of assured as a class and include those children of the assured born after the issuance of the policy, and without any distinction between such after-born children of a second wife and the first wife.

3. *Trustees; compensation; attorney's fees.*—Where, under an insurance policy made payable to trustees for the assured's children, said trustees collect ten thousand dollars, and, upon a controversy arising between the children of the assured, as to how much money should be distributed, the trustees file a bill in equity to construe the trust and to ascertain the proper apportionment of the fund, the allowance by the court of two hundred and fifty dollars as compensation to the trustees for their services, and of two hundred and fifty dollars for their attorneys' fees, is reasonable and not unauthorized.

[Roquemore *et al.* v. Dent *et al.*, Trustees; and Dent *et al.* Trustees v. Roquemore *et al.*]

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by S. H. Dent and C. H. Roquemore, as trustees, against the children of John D. Roquemore, deceased. The purpose of the bill was to obtain the construction of a trust imposed upon the complainants, and the ascertainment of the interest of the children of John D. Roquemore, deceased, in the fund in the hands of the complainants as trustees, which had been paid to them by an insurance company as the amount of insurance upon the life of said John D. Roquemore.

From the averments of the bill and the evidence in the case, the following facts were disclosed: John D. Roquemore took out two policies of life insurance, which were payable to "Mary L. Roquemore (his wife) and the children of John D. Roquemore, their executors, administrators or assigns." The policies were in the aggregate sum of $10,000. At the time the policies were taken out there were two children of John D. Roquemore, viz., C. H. Roquemore and Annie R. Rogers. Subsequently there were two other children born to Mary L. Roquemore and John D. Roquemore, viz., John D. Roquemore, Jr., and Zack Roquemore. Mary L. Roquemore died. After her death, John D. Roquemore surrendered the two policies above mentioned and in exchange therefor received, from the same company, two other policies, which were payable at the death of said John D. Roquemore to the complainants as trustees for "such of his children as might survive him." John D. Roquemore married again, and by his second wife, Henrietta L. Roquemore, had four children, three of whom, viz., Terese, Richard and Kathrine, all minors, were living at his death. After the death of said John D. Roquemore, the complainants, as trustees under said policies collected thereon the sum of $10,077. A controversy arose between the two sets of children as to the division of said money C. H. Roquemore and Annie R. Rogers claimed they were entitled to all of said money, because they were the only children

[Roquemore *et al.* v. Dent *et al.*, Trustees; and Dent *et al.* Trustees v. Roquemore *et al.*]

of John D. Roquemore in existence when the first policies were taken out, or, if the two children above mentioned were not entitled to all the money, then it belonged, share and share alike, to the four children of Mary L. Roquemore. Another contention of the four older children was that the first two policies, having been payable to Mary L. Roquemore and the children of John D. Roquemore, that Mary L. Roquemore and her children took the money as tenants in common, and that upon her death her share vested in her heirs. The children of Henrietta L. Roquemore claimed that each of them was entitled to one-seventh of said money, not only under the terms of said policies which were collected, but also under the terms of the will of John D. Roquemore, which provided, among other things, that the proceeds of said policies should be divided equally between all of his children.

The trustees were S. H. Dent and C. H. Roquemore. They were unwilling to pay out the money until this controversy was settled, but the trustees paid Zack Roquemore one-seventh of the amount and took his receipt in full. They also paid to C. H. Roquemore, Annie R. Rogers, and John D. Roquemore $1,000 each. Thereupon the trustees filed the present bill and called upon the children of John D. Roquemore, respectively, to propound their claims.

Evidence was taken and the cause was submitted, resulting in a decree sustaining the contention of the three youngest children. There was a reference had to ascertain the compensation of the trustees for themselves and their attorneys. The register reported that said trustees were entitled to $400 commissions, and $350 for their attorneys' fees. The guardian *ad litem* of the three younger children excepted to both of these allowances, and the court reduced each of them to $250, naming a total of $500.

From this decree C. H. Roquemore, John D. Roquemore, Annie R. Rogers, the children of John D. Roquemore, deceased, by his first wife, prosecute the present appeal, and assign the rendition thereof as error. The complainants, who were trustees, prosecute the cross

appeal, and assign as error the decree of the court reducing the compensation of the trustees for administering the trust and the amounts of the attorneys' fees allowed to them by the register.

J. M. CHILTON, HARMON, DENT & WEIL and C. H. ROQUEMORE, for C. H. Roquemore, *et al.*, and the Trustees.—The interest of the beneficiaries under the two policies first issued (whoever those beneficiaries were) became fixed when the policies were issued, and could not be divested by the act of John D. Roqumore by a subsequent change of the beneficiaries.—Bliss on Life Insurance, § 384; *Putnam v. N. Y. Life Ins. Co.*, 42 La. Ann., 739; s. c. 7 So. Rep. 602; *Lemon v. Ins. Co.*, 38 Conn. 294; *Barry v. Brune*, 71 N. Y. 662; *Barry v. Society*, 59 N. Y. 587; *Dutton v. Wilmer*, 52 N. Y. 312; *Pilsher v. Ins. Co.*, 33 La. Ann. 322; *Burroughs v. Assurance Co.*, 97 Mass. 359.

"Where the policy designates the person to whom the insurance money is to be paid, the person who procures the insurance and who continues to pay the premiums, has no authority by will or deed to change the designation of the monies."—Bliss on Life Ins., p. 554; *Succession of Augler*, 23 La. Ann. 455.

"Where a policy is wrongfully surrendered, the rights of the beneficiary attach to the substituted policy." Bliss on Life Ins., p. 557, § 339; *Chappin v. Fellowes*, 36 Conn. 132; *Lemon v. Phoenix Ins. Co.*, 38 *Ib.* 294; *Putnam v. N. Y. Life Ins. Co.*, 42 La. Ann. 747.

WATTS, TROY & CAFFEY, *contra.*—It is clear that the insurance was not intended to go alone to the children of John D. Roquemore by Mary L. Roquemore, for, if that had been intended, the language would have so expressed it. The language of the policy would include any children of John D. Roquemore by Mary L. Roquemore, or born subsequent to her death, unless the law restricts "children" to those living at the time the policies were issued. Such a construction would not be in accordance with the spirit of the statute. The insurance is intended as a provision for the *family*, and,

therefore, includes all the children of said John D. Roquemore at the time of his death.—*Vanzant v. Morris*, 95 Ala. 285; *Phinizy v. Foster*, 90 Ala. 266; Schouler on Wills, §§ 466-9, 490, 529; *Russell v. Russell*, 84 Ala. 52; *Hollingsworth v. Hollingsworth*, 65 Ala. 321; *Marr v. McCullough,* 6 Port. 507; *Nimmo v. Stewart*, 21 Ala. 690; *Robertson v. Johnston*, 36 Ala. 197; *McDermott v. Centennial Mut. L. Asso.*, 24 Mo. App. 73; *Thomas v. Leak*, 67 Tex. 469; *Ricker v. Charter Oak L. I. Co.*, 27 Minn. 193; *Sauerbier v. Un. Cen. L. I. Co.*, 39 Ill. App. 628.

DOWDELL, J.—We concur in the conclusions of the learned judge who tried this case. The new policies which were issued upon the surrender of the old, were in substitution of the latter. The wife of the assured and his children were made the beneficiaries under the old; under the new or substituted policies the insurance was made payable to named trustees for "such of his [assured's] children as might survive him." The old policies were issued in 1870 and 1871. The wife died in 1882 and before her husband. Under the statute, sections 2733 and 2734, Code of 1876, her interest terminated with her death.—*Tompkins v. Levy*, 87 Ala. 263; *Friedman v. Fennell*, 94 Ala. 570. The new policies were issued after the death of the wife. Under this substitution no substantial change was made as to the beneficiaries. The new policies were made payable to trustees, but the *quantum* of interest to the beneficiaries remained the same. The employment of the words, "executors, administrators, or assigns," in the beneficiary clause of the policy does not differentiate this case from that of *Tompkins v. Levy, supra*, where the words employed were, "heirs, executors or assigns."

There is no reason why the rule of law in respect to testamentary bequests to children payable *in futuro*, should not apply to policies of insurance taken by the father for the benefit of children. In either case he is actuated by the promptings of natural love and affection, and with the same desire and purpose in both instances to make provision for his children after his

death.   In the former, that is in a testamentary bequest payable to children as a class, it would not be questioned but that the class would open to let in after-born children to participate in the bequest, and without any distinction between after-born children of a second and a first wife.   The application of this rule to. insurance taken by the father for his children is supported both by reason and authority.—*Thomas v. Leake,* 67 Texas, 471; *Ricker v. Charter Oak Ins. Co.,* 27 Minn. 197, s. c. 38 Am. Rep. 289.

The action of the court in sustaining the exceptions to the register's report upon fees and compensation was not unauthorized under the evidence, and we are not disposed to disturb the decree on this question.

We find no error in the record and the decree of the city court will be affirmed, both as to direct and cross appeals.