# Woodworth, *et al. v.* Aetna Life Insurance Co. *et al.*

## *Bill for Interpleader.*

(Decided Jan. 16, 1908.   45 South. 417.)

*Descent and Distribution; Insurance Policy; Beneficiaries' Interest; Nature.*—A child living when the policies were delivered, but who died before the insured did, took a vested interest in the policies on their delivery, and her interest therein passed by descent or succession, as did her other personal assets, where the policies were payable to the insured's wife and children, their executors, etc.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Aetna Life Insurance Company against Abner P. Woodworth, Della K. Thompson, W. T. Berry, and others. From the judgment, the above-named defendants appeal. Reversed and remanded.

The Aetna Life Insurance Company filed this bill against all the heirs of John M. Thompson and his widow, alleging that it had issued two policies on the life of said Thompson, payable as will further appear, and that there was a dispute among the heirs as to whom and how the payments should be made, and praying that they come in and propound their various claims. They paid the money due on each policy to the register of the court. The respondents answered, and propounded their claims; but it is unnecessary, in view of the statement of facts to follow, to set out the various claims. The cause was tried on the following agreed statement of facts: "Decedent, John M. Thompson, at the time of his death held two policies of life insurance in the Aetna Life Insurance Company; one dated July 10, 1872, for $3,719, and one dated January 8, 1879, for $2,290, the original of each of which is attached to this stipulation, and the amounts due on each of which has been paid into the registry of this court by said company. The policy of July 10, 1872, for $3,719, was payable to John M. Thompson's wife and children, their executors, administrators, etc. The policy of January 8, 1879, was made payable to John M. Thompson's wife, M. S. Thompson, and her children by him, their executors, etc. The policy dated July 10, 1872, for $3,719, was issued on the surrender of a previous policy, payable to the same parties and in the same way, as a paidup policy. The policy dated July 10, 1872, for $3,719, was issued on the surrender of a previous policy, payable to the same parties and in the same way, as a paidup policy. The policy dated January 8, 1879, was issued upon the surrender of a previous policy, issued prior to November 14, 1876, payable to the same parties and in the same way, as a paid-up policy. The premiums on the policies which were exchanged for the paid-up policies of date July 10,

1872, and January 8, 1879, were, as the same matured, paid by said John M. Thompson out of his own means, and did not exceed $500 per year. At the time of the issuance of both policies mentioned the said Thompson had a living wife, Martha Sheperd Thompson; and at -the time of the issuance of each of the said policies the said Thompson had the following children living, viz: Mattie T. Thompson, who was now Mattie T. Royster, Bertie T. Brownlee, and Anna T. Thompson, who was now Anna T. Cecil, and Cecile Thompson, who afterwards married W. E. Berry, and who was the mother of respondent W. T. Berry, and who is now deceased. Said Cecile Thompson Berry was not living when said policy dated January 8, 1879, was issued; she having died November 14, 1876. The said Martha S. Thompson, the first wife of John M. Thompson, died on the 9th day of June, 1885. Said Cecile R. Berry, the mother of W. T. Berry, died before her mother died, on, towit, the 14th day of November, 1876, dying intestate, leaving no estate and no debts, and no administration was had on her estate. Said Martha S. Thompson left her last will and testament, dated April 27, 1883, which was probated in Jefferson county, Ala., July 18, 1885, by which she left all her property equally to her three living children, her grandchild, W. T. Berry, and her husband, John M. Thompson. The said John M. Thompson married a second wife on the 18th day of November, 1886, who is the respondent Della K. Thompson. Said John M. Thompson died on the 13th day of September, 1905, leaving a last will and testament, by the terms of which he devised and bequeathed all his property to his second wife, Della K. Thompson. The will was probated on the 20th day of March, 1906, and a copy is attached to this agreement. Said John M. Thompson left surviving him his second wife, Della K. Thompson, and three children by his first

wife, Bettie T. Brownlee, Mattie T. Royster, and Anna
T. Cecil, who were each married many years prior to his
death and are each over 21 years of age. He also left a
grandchild, W. T. Berry, who is the son of his deceased
daughter, Cecile Berry. W. T. Berry transferred and
assigned whatever interest he is entitled to in the pro-
ceeds of said policy to A. P. Woodworth for a valuable
consideration and with the consent of the insurer and
insured. Mattie T. Royster, for a valuable and sufficient
consideration, executed on the 8th day of February,
1889, a written assignment of her interest in and to the
proceeds of said policies to the defendant Anna T. Clif-
ford. John M. Thompson was insolvent at and long be-
fore the date of his death, and at the time of his death
had no property at all. Said policies are to be construed
according to the laws of the state of Alabama, where
they were executed and are to be performed. Della K.
Thompson was left, surviving the said John M. Thomp-
son, without means of support. Thompson's will shows
that Della K. Thompson was left sole legatee, and made
executrix without bond." The chancellor decreed dis-
charge from further liability, and that Anna T. Cecil,
Mattie T. Royster, and Bettie T. Brownlee were each
entitled to one-third of the fund, and that the other re-
spondents, the widow and W. T. Berry, were not entitled
to share in the fund; and from this decree these defend-
ants appeal.

SAM WILL JOHN, and J. J. CREWS, for appellant. On
the authority of *Drake v. Stone*, 58 Ala. 137, this cause
should be reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee.
The rights of the respective claimants to the fund are to
be determined by the construction of the two policies,

and are governed by the provisions of section 2733-34, Code 1876; *Fern v. Ward,* 65 Ala. 39. In this instance, the wife's right was dependent on her surviving her husband, and on her death prior to his, her rights to the insurance vested in the children. The children to whom the covenants in the policy extended were the children living at the death of both father and mother, and the grandchildren of the person whose life was insured, did not come within the class of children contemplated by the statute.—*Continental Ins. Co. v. Webb,* 54 Ala. 688; *Russell v. Russell,* 64 Ala. 500; *Thompkins v. Levy,* 89 Ala. 269; *Friedman Bros. v. Fennell,* 94 Ala.; *Rockmore v. Dent,* 135 Ala. 296.

DOWDELL, J.—The case was heard in the court below on an agreed statement of facts. The only question for our consideration on this appeal is whether or not Cecile T. Berry, one of the children of John M. Thompson, living at the time of the delivery of the two policies on the life of said Thompson, but who died before the assured, took a vested interest in the policies on delivery. On the authority of *Drake v. Stone,* 58 Ala. 133, under the facts stated and agreed upon, we hold the affirmative of the proposition, and, furthermore, that such vested interest, upon the death of said Cecile T. Berry, passed by descent or succession just as would any other personal asset of her estate. The facts in this case do not distinguish it from the case of *Drake v. Stone, supra.* Nor do we think the last-named case irreconcilable with the decision in *Roquemore v. Dent,* 135 Ala. 292, 33 South. 178, 93 m. St. Rep. 33. It follows that the decree appealed from must be reversed.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.