(129 So. 12)

### MOSELEY v. NEVILLE.

8 Div. 137.

Supreme Court of Alabama.

April 17, 1930.

Rehearing Denied June 26, 1930.

A. J. Harris, of Decatur, for appellee.

O. Kyle, of Decatur, for appellant.

SAYRE, J.

Jesse Moseley died seized and possessed of a lot located at the corner of McCartney and Walnut streets in the city of Decatur. He left a widow, but no lineal descendants. Complainant, appellee, is a sister of the deceased. Her bill concedes to the widow, appellant, a right of homestead in 40 feet of the lot fronting on McCartney street, and prays a sale of the remaining part of the lot for division among complainant and the children of a deceased sister who also are made parties defendant. The court, considering a decree pro confesso, duly rendered so far as appears from the record, and evidence taken by commission, rendered a decree in agreement with the prayer of the bill. Appellant's petition for a rehearing was denied. This appeal, with an alternative motion for a writ of mandamus commanding the trial court to set aside the order denying the petition, followed in due course.

Appellee's bill concedes, as we have stated, appellant's homestead right in the corner forty feet of the lot. Appellant's grievance is that she was not allowed the entire lot. So far as concerned that part of the lot other than the forty feet, the burden of asserting and establishing her homestead

right vested upon appellant. 29 C. J. 988. That rule would follow also from the decision in Chamboredon v. Fayet, 176 Ala. 218, 57 So. 845. And of course the averments of the bill cannot be taken as intending or conceding that the whole lot constituted appellant's homestead. The bill alleges nothing as to the value of the lot or any part of it. The demurrer and the minority opinion would put the burden upon complainants of alleging and proving that the forty feet conceded to defendant was worth $2,000 or more. That, as we have seen, cannot be allowed. The burden was on defendant to propound her claim of homestead, as we have said. Nor—what would come to the same thing—could defendant require the court to take judicial cognizance of the value of the property or of any part of it. The burden of asserting the homestead right of defendant could not be imposed on the court by demurrer.

■ Appellant's demurrer took the point that the bill failed to show that the part of the lot which it sought to have sold was not a part of the homestead. From what we have said it will be correctly inferred that there was no error in overruling the demurrer.

■■ Nor did the court commit reversible error in considering, if that was necessary, the evidence offered and afforded by the depositions taken by commission. The certificate of the commissioner was irregular, it will be conceded, in that it affirmed only that the witnesses were duly sworn to speak the truth, whereas the prescription of the statute (Code, § 7754), is that the commissioner must reduce the answer of the witness to writing, or cause that to be done, "having first sworn him to speak the truth, the whole truth and nothing but the truth." In the absence of objection made before entering on the trial, and not afterwards (Code, § 7757), we think the certificate of the commissioner in this case may be accepted as a substantial compliance with the statute. Evasions of the truth will not be gratuitously assumed in the face of a certificate that the witness was duly sworn. Appellant can take nothing by her appeal.

■ Nor can her motion for a writ of mandamus as for an abuse of its discretion by the trial court avail appellant. For aught appearing, even though the sworn statements of the petition for a rehearing be considered, any dower right of appellant in that part of the lot other than the 40-foot lot was barred by the value of her separate estate, to wit, the money received from the policy of insurance on the life of her deceased husband. Beck v. Karr, 209 Ala. 201, 95 So. 881; Williams v. Williams, 68 Ala. 405.

■ Nor does it appear from the petition that the lot other than the forty feet on the corner was in law and in fact a part of the homestead. The bill averred that the 40-foot lot on which appellant lived at the time was separated by a fence from the other part of the lot which was improved with four three-roomed houses, and this averment was sustained by the proof taken. Nor does the petition for a rehearing deny the fact just stated. Bearing in mind the location of the burden of proof, the court, though accepting the averments of the sworn petition as true in every particular, was not required to hold that the lot other than the forty feet conceded to defendant was a part of the homestead. For aught appearing the houses on that part of the larger lot were let to rent as a source of revenue. The statute protects the roof that shelters and the land used in connection therewith for the comfort and sustenance of the family, and cannot be converted into a shield for investments from which rents and profits are to be derived. Mullins v. Baker, 193 Ala. 596, 69 So. 516; Tyler v. Jewett, 82 Ala. 99, 2 So. 905. The statute (and the Constitution) contemplates the use of the land, not its profits or an income derived from it. Turner v. Turner, 107 Ala. 470, 18 So. 210, 54 Am. St. Rep. 110; Fuller v. American Supply Co., 185 Ala. 512, 64 So. 549; Mullins v. Baker, supra.

■ Moreover, this court has ruled that rehearings in equity rest in the sound discretion of the chancellor, and that, when the discretion is exercised, his decision is not revisable by appeal or mandamus. Ex parte Greshem, 82 Ala. 363, 2 So. 486; Cox v. Brown, 198 Ala. 641, 73 So. 964. And that, when a rehearing is granted, the cause stands as if no decree had been rendered. Cox v. Brown, supra. If there may be cases in which the discretion is so flagrantly abused as to require a court of conscience to intervene, this does not appear to be one of them.

In view of the dissent we will refer more at length to 29 C. J. 988, which we have cited above. Adjudicated cases from fifteen different jurisdictions are cited in support of the proposition that "one who claims a homestead right in premises * * * in proceedings in which he asserts the right as a defense has the burden of establishing it," and at page 989, it is said: "The rule is that the burden is on the party setting up a claim to a homestead to show that the premises so claimed do not exceed in value the statutory exemption," and in the footnote decisions from California, Iowa, and Michigan are cited. These authorities from fifteen respectable courts, in connection with our case of Chamboredon v. Fayet, supra, have been thought sufficient to establish the proposition of this paragraph notwithstanding the citation of Mueller v. Conrad, 178 Ill. 276, 52 N. E. 1031, in footnote 82 on page 989, which appears to be based upon a statute of that state. To that proposi-

tion McDonald v. Mobile Life Ins. Co., 56 Ala. 468, and Westbrook v. Hayes, 137 Ala. 572, 34 So. 622, are wholly irrelevant.

On the evidence, taken after the ruling on demurrer and after the decree pro confesso (Code, § 6600), the result is not what it might better have been, but it must, so far as concerns this court of appellate jurisdiction, be attributed to appellant's failure to propound her claim at the right time and in the right way.

Writ denied. Decree affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.

BROWN, J. (dissenting).

"When the homestead is in a city, town, or village, the limitation in the constitution and statutes relates to the value, and not the number and extent, of the lots." Marx v. Threet, 131 Ala. 340, 30 So. 831, 832; Tyler v. Jewett, 82 Ala. 93, 2 So. 905.

The averments of the bill, the purpose of which is to have sold a part of the lot for division among the heirs at law of the husband of the appellant, clearly show that the husband, prior to his death, resided on the lot as a homestead, and the only fact stated, upon which the conclusion that the part sought to be separated and sold did not constitute a part of the homestead, is that it was separated from the other by a fence, and had on it four three-room houses. There is no averment as to the value of the entire lot, or as to the use of that part sought to be sold; and aside from the fact that the averments as to that part of the lot the pleader intended to designate as the homestead are uncertain of meaning and should be construed most strongly against the pleader, we are of opinion that it was incumbent on the pleader to show by positive averments, that the part sought to be sold was not used in connection with the residence as a part of the homestead, and that the lot exceeded in value $2,000, and the mere implied negative legal conclusion is not sufficient. To say that the 40-foot strip is appellant's homestead is not to say that the other part of the lot is not a part of the homestead, but at most leaves this to mere intendment or implication.

A bill in equity must set forth "every material averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. * * * Allegations, admitted or proved, are the only premises which will uphold a chancery decree." McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Westbrook v. Hayes, 137 Ala.

572, 34 So. 622. Proof without allegations is as fatal as allegations without proof.

While a demurrer or decree pro confesso confesses the facts pleaded, they do not confess mere legal conclusions. Jackson Realty Co., Inc., v. Yeatman, 219 Ala. 3, 121 So. 415.

We are therefore of opinion that the decree of the circuit court should be reversed for error in overruling the demurrer to the bill.

GARDNER and BOULDIN, JJ., concur.