18 So.2d 465

**BARFOOT et al. v. BARFOOT et al.**

7 Div. 790.

Supreme Court of Alabama.

June 1, 1944.

Dortch, Allen & Swann, of Gadsden, for appellants.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellees.

THOMAS, Justice.

This appeal challenges the decree of the Probate Court of Etowah County touching the allowance to the widow under the statute in the assignment of dower and for distribution.

The case presents a single issue, viz: In a case where a husband carried insurance on his life with the wife named as beneficiary in the policies, and which policies reserved to the insured the right to change beneficiary at will, are the proceeds of the insurance policies collected by the widow after the death of the husband, chargeable to her as a part of her

separate estate under the provisions of Sections 42 and 43, Tit. 34, Code 1940?

 The statute in question, §§ 42 and 43, Tit. 34, Code 1940, excluding a wife either wholly or in part from her dower, where she owns a statutory separate estate at the time of her husband's death, is in derogation of the common law, which highly favored the wife's dower right, classifying its protection with that of life and liberty. It must, for this reason, be strictly construed, and can have no operation except in the particular case designated, where the wife actually survives her husband, and an estimation is sought to be made of her perfect right of dower. It can have no application to the valuation of her inchoate right or dower. Gordon, Rankin & Co. v. Tweedy, 74 Ala. 232, 238, 49 Am.Rep. 813.

▪ The interests of the named beneficiary in a policy of insurance providing for a change of beneficiary at the will of the insured is a mere expectancy. The right of a named beneficiary, no change having been made in fact or legal effect, becomes a fixed, vested and legal interest, at the death of the insured. Phillips v. Phillips, 240 Ala. 148, 198 So. 132; Carter v. First National Bank of Opp, 237 Ala. 47, 185 So 361; American Life Ins. Co. v. Carlton, 236 Ala. 609, 184 So. 171; Boutwell v. Drinkard, 230 Ala. 212, 160 So. 349.

The agreement of counsel as to the insurance is in the following words:

"It is further agreed that said C. Baxter Barfoot carried two policies of insurance on his life with the National Life and Accident Insurance Company of the face value of $7500.00 with Bess Gray Barfoot named as beneficiary in each policy. The right to change beneficiary was reserved by the insured in each of said policies. The said Bess Gray Barfoot was the beneficiary on the date of death and has now collected on said insurance policies the amount of $7500.00.

"This agreement is entered into for the purpose of determining the separate estate of the widow Bess Gray Barfoot within the meaning of Sections 42 and 43 of Title 34, Code of Alabama 1940, and the parties hereto respectfully request the Court to ascertain and determine the value of said separate estate."

Thus the question for decision is directly raised by the pleadings and the agreement of counsel. We have examined the records in Beck v. Karr, 209 Ala. 199, 95 So. 881; Moseley v. Neville, 221 Ala. 429, 129 So. 12, and in the records of those cases, it is not shown that the policy to the wife contained the clause reserving the right to change the beneficiary. In those cases the husband procured the policy on his life for his wife without reserving the right to change beneficiary before his death. Thus the question here presented was not decided in said cases.

In Drake v. Stone et al., 58 Ala. 133, Judge Stone recognizes the distinction here made in the observation: "There are no clauses or terms in the policy which give any other or different direction to the sum assured, or which vary the manner of the payment of the death loss. * * * The question then is, whether the interests of the beneficiaries attached, and became what is called vested at the delivery of the policy, or, whether it was contingent, until the death of the assured during the continued vitality of the policy. * * * We concur with the chancellor in his views, and hold that Mrs. Drake and her children by the assured, living at the time the policy was delivered, share equally as beneficiaries. Whether, if there had been children of the marriage born after the delivery of the policy, such children would have shared in the benefits, we need not inquire. * * *"

Thus the Drake case touched a policy of insurance in which no clause for change of beneficiary was reserved to the husband taking the insurance.

Appellants rely upon Williams v. Williams, 68 Ala. 405, and Wadsworth v. Miller, 103 Ala. 130, 15 So. 520. The opinion in the Williams case discloses that the interest of the wife in the policy of insurance was unconditional, in that it was taken out in her name as sole beneficiary, the title vesting in her at the time the policy was issued and delivered. See Drake v. Stone, et al., 58 Ala. 133; Continental Ins. Co. v. Webb, Adm'r, 54 Ala. 688. We have indicated that the right to change the beneficiary was not reserved in the policies of insurance there considered. This is disclosed by the observation that the title vested in the wife at the time the policy was issued and delivered. This court followed the Williams case in Wadsworth v. Miller, supra, without discussing the ques-

tion of whether or not the right to change the beneficiary was retained in the policy there involved. The Williams case is cited in Beck v. Karr, 209 Ala. 199, 95 So. 881, and in Moseley v. Neville, 221 Ala. 429, 129 So. 12, but the right to change beneficiaries was not discussed in either of those cases.

In Boutwell v. Drinkard, 230 Ala. 212, 160 So. 349, it is observed that the interest of the beneficiary under such a policy is a mere expectancy so long as the assured is in life. That case followed McDonald et al. v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761, and distinguished the holding from the earlier cases of Drake v. Stone, supra, and Woodworth v. Aetna Life Ins. Co., 154 Ala. 392, 45 So. 417. The observation is made that there is nothing in the case of McDonald v. McDonald, supra, cited by appellants, "which conflicts with the holding of either the Drake case, or the Woodworth case, supra. In the McDonald case, the contract of insurance provided for a change of beneficiary at the will of the insured," [230 Ala. 212, 160 So. 353] a mere expectancy.

The wife's dower remains inchoate until the death of the husband. Until that event the instant insurance policy constituted a mere expectancy. The death of the husband vested the interest of the wife in the insurance policy under its terms, and the failure of change of beneficiary. The wife's dower interest comes to her at the husband's death under the statute. The right of dower, descent and distribution, and the accrual of the insurance contract (beneficiary not having been changed by the husband in life) become vested and fixed in the wife at the moment the husband died.

It results that appellee, not having any vested interest in the policy of insurance in question until the death of the husband, should not be deprived of the benefits of the policy of insurance, and the insurance money is not chargeable to her as a part of her statutory allowance.

It results that the decree rendered by the probate court is free from error and should be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.