James Woodham died testate, leaving all his property, real and personal, to his wife and four children in equal shares. Jeanette Woodham, wife of the deceased, dissented from the will by authority of Code 1975, § 43-1-15. As executor of the estate, Wayne Woodham petitioned the circuit court to decree Mrs. Woodham was not entitled to dower because the value of her separate estate equaled or exceeded the value of the widow's dower and distributive share of the decedent's personalty. The Circuit Court of Dale County, sitting in equity, granted the petition and found Mrs. Woodham's separate estate of such a value as to preclude her dower interest.
At his death Mr. Woodham owned interests in three tracts of real estate. Two of the parcels were held by Mr. Woodham individually; however, an 80-acre tract was held by Mr. and Mrs. Woodham as joint tenants with right of survivorship. Appellant argues that the value of the 80-acre tract, now owned entirely by Mrs. Woodham, is not included in her "separate estate" as that term is used in Code 1975, § 43-5-3. In the alternative, appellant challenges as unconstitutional our statutory scheme which reduces the widow's dower interest by her separate estate.
We address the constitutional question by noting this Court will not consider generalized constitutional challenges not presented at trial. Cooper v. Green, 359 So.2d 377 (Ala. 1978). After careful review of the record, we observe the issue of the constitutionality of our dower statutes was never raised in the lower court. Under the rule set down, we are precluded from considering appellant's constitutional argument, and we direct our attention to application of the dower statutes to appellant's case.
No case decides whether the value of property held by the husband and wife as joint tenants is included in the widow's separate estate for dower purposes, but several cases give guidance. Williams v. Williams, 68 Ala. 405 (1880), andWadsworth v. Miller, 103 Ala. 130, 15 So. 520 (1893), question inclusion of the husband's life insurance proceeds in the widow's separate estate. In both cases, the husband owned the policy, but the wife was irrevocable beneficiary. This Court held the insurance proceeds were included in the wife's separate estate for dower purposes.
A later case, Barfoot v. Barfoot, 245 Ala. 593, 18 So.2d 465
(1944), found, where the husband retains the right to change beneficiaries on his life insurance, insurance proceeds are not included in the separate estate of the beneficiary-widow. The Court reasoned that, since the husband could change the beneficiary any time prior to his death, the insurance proceeds were a mere expectancy for the widow and not a vested interest. The Barfoot Court distinguished Williams v. Williams, 68 Ala. 405
(1880), and Wadsworth v. Miller, 103 Ala. 130, 15 So. 520
(1893), by noting that those cases involved widows who were irrevocable beneficiaries with vested interests in the insurance proceeds.
In Zackry v. Lockard, 98 Ala. 371, 13 So. 514 (1893), the Court considered a suit brought by an administrator for allotment of dower to the widow. The widow claimed that her separate estate, for purposes of dower allotment, should not include her remainder interest in certain of her father's *Page 152 
property. The Court disagreed and ruled that a vested remainder is to be considered against the dower interest. Even though the remainder may fail to mature into fee simple ownership (the widow could have died before the life tenant), at her husband's death the widow had a valuable vested interest.
From examination of the cases, we conclude that the issue of whether property is included in a widow's separate estate turns on the nature of the property interest held by the wife at her husband's death. Here, the wife held an interest in joint tenancy with right of survivorship. If such interest is vested before the husband's death, the value of the interest is charged against the widow's dower.
Joint tenancy in this state retains common-law characteristics with exceptions not pertinent here. See Nunn v.Keith, 289 Ala. 518, 268 So.2d 792 (1972).
 [A]t common law each [joint] tenant was seized of some fractional share while at the same time each owned the whole. The most significant feature of such a tenancy was the right of survivorship. When one joint tenant died, the deceased's share was owned by the surviving tenants jointly, until only one remained, who then owned the fee. The last survivor took nothing by survivorship as he had always owned the whole. The deaths of the other joint tenants merely removed impediments to the survivor's complete ownership.
Id. at 520-21, 268 So.2d at 794.
Since Jeanette Woodham used, owned and enjoyed the whole of the 80-acre plot, the value of the plot diminishes her dower interest under Code 1975, § 43-5-3.
Although we find the trial judge correctly ruled that the value of the 80-acre plot must be included in the widow's separate estate, we are compelled to agree with appellant that insufficient evidence was presented from which the judge could value Mrs. Woodham's separate estate and her dower interest and distributive share. We have carefully searched the record and find no evidence of the worth of Mrs. Woodham's distributive share of her husband's personalty or the rental value of the separate parcels of land. Additionally, we find no evidence of the value of Mrs. Woodham's separate estate, other than the value of the 80 acres. Consequently, we remand for further findings and judgment in accordance with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
FAULKNER, ALMON and EMBRY, JJ., concur.
JONES, J., concurs in the result.