(117 So. 176)

## IVIE v. INTERNATIONAL LIFE INS. CO.
### (6 Div. 142.)

Supreme Court of Alabama.    May 24, 1928.

1. **Insurance** ⬅136(1)—**Death of applicant pending insurance company's investigation of application held to prevent recovery on life policy where application required delivery of policy, notwithstanding company's retention of first premium for six months.**

Death of applicant for life policy before policy was delivered and pending investigation of application by insurance company *held* to preclude recovery under policy where application and receipt provided that insurance should not be effective until delivery of policy to insured during his lifetime and made payment of premium with application subject to conditions of receipt, notwithstanding agent's agreement that insured would be protected for one year and company's retention of premium money for six months.

2. **Insurance** ⬅131(2)—**Agent's oral agreement contrary to application that applicant's payment of first premium gave him life insurance held void.**

Where terms of application required delivery of life policy to insured during his lifetime and while he was in good health in order that insurance should be effective, parol agreement of agent contrary to terms of application and receipt for premium that insured would be protected for one year was void and did not create oral contract of insurance.

3. **Insurance** ⬅130(2)—**Death of applicant before acceptance of application precluded subsequent insurance contract through waiver or estoppel.**

Where death of applicant occurred within four days of application and before the insurance company had passed on the application, contractual status of parties became fixed upon death of applicant and no new contract could subsequently be created between parties by waiver or estoppel such as to warrant recovery on life policy.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by Bertha Ivie against the International Life Insurance Company on a contract of insurance. Plaintiff suffers a nonsuit and appeals from adverse rulings on pleading. Affirmed.

J. J. Curtis and J. M. Pennington, both of Jasper, and Leo H. Pou, of Mobile, for appellant.

The power to make oral contracts of insurance as well as agreements to insure is sustained in this state. Liverpool, etc., v. McCree, 210 Ala. 562, 98 So. 880; Cherokee L. I. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Royal Exch. v. Almon, 202 Ala. 374, 80 So. 456; Ins. Co. of N. A. v. Williams, 200 Ala. 681, 77 So. 159; Sun Ins. Co. v. Mitchell, 186 Ala. 420, 65 So. 143; Hartford F. I. Co. v. King, 106 Ala. 519, 17 So. 707; Home Ins. Co. v. Adler, 77 Ala. 242; 14 R. C. L. 882. At common law, a policy of insurance was not required to be in writing. Mobile Dock Co. v. McMillan, 31 Ala. 711; Cherokee L. I. Co. v. Brannum, supra. Code 1923, § 8371, does not apply to an oral contract of insurance. Cherokee L. I. Co. v. Brannum, supra; Prudential v. Kerr, 202 Ala. 259, 80 So. 97. An insurance company is bound by all the acts, contracts, and representations of its agent, within the scope of his real or apparent authority. Fidelity-Phoenix v. Ray, 196 Ala. 425, 72 So. 98. Neither party to a contract may receive the benefits accruing thereunder and avoid the liabilities created thereby. By retaining the premium, the company waived the provisions pleaded. Life & Cas. Ins. Co. v. Eubanks, 19 Ala. App. 36, 94 So. 198; Romanoff v. Cameron, 137 Ala. 217, 33 So. 864; Sec. Mut. L. I. Co. v. Riley, 157 Ala. 563, 47 So. 735; Hanover v. Wood, 209 Ala. 380, 96 So. 253; Bevill v. Henegar Dooley Co., 209 Ala. 262, 96 So. 133.

Bankhead & Bankhead, of Jasper, for appellee.

The parties are bound by the statutes providing that no insurance company or agent shall make any contract of insurance or agreement as to policy contracts other than is plainly expressed in the policy issued thereon. Code 1923, § 8371; Royal Neighbors v. Fortenberry, 214 Ala. 387, 107 So. 846. Mere delay of the company in accepting the offer and in returning the cash premium for which demand was not made did not amount to an acceptance of the proposal for insurance. Ala. Gold L. I. Co. v. Mayes, 61 Ala. 163; Valentine v. Head Camp, 180 Cal. 192, 180 P. 2, 8 A. L. R. 380; Thompson v. Travelers' Ins. Co., 13 N. D. 444, 101 N. W. 900; Thompson v. Knickerbocker L. I. Co., 104 U. S. 252, 26 L. Ed. 765. An action at law cannot be maintained upon a parol agreement to insure unless all the terms of the contract were agreed upon so as to cover the time of the loss, and the breach consisted in the failure to issue policy as agreed. Comm. Ins. Co. v. Morris, 105 Ala. 498, 18 So. 34; Ins. Co. v. Adler, 71 Ala. 516. An assent or acceptance by the agent to insure, without more, would not amount to a contract of insurance or an agreement to insure. Comm. Ins. Co. v. Morris, supra.

SAYRE, J. Plaintiff (appellant) sought to recover money alleged to be due on a policy or oral contract of insurance on the life of her husband. From a judgment overruling plaintiff's demurrers to special pleas and sustaining defendant's demurrers to the several special replications plaintiff suffered a nonsuit and appeals, as provided by section 6431 of the Code.

The questions represented for adjudication

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

# 560     217 ALABAMA REPORTS

may be understood without a detailed statement of the pleadings.

In count 1 plaintiff adopted the Code form in substance. Form 12, Code § 9531. Other counts held good by the trial court declared on a verbal contract of insurance entered into on behalf of defendant by its agent duly authorized. Special pleas 3, 4, and 5, demurrers to which were overruled, allege:

That the insured applied to defendant for a policy of life insurance in the following terms:

"(a) No statement, information, or agreement, made or given by or to the person soliciting or taking this application or by or to any other person, shall be binding on the company, unless reduced to writing, and then only if presented to and approved by the executive officers of the company at its home office.

"(b) Every statement herein made and in my answers to medical examiners is true, and that no information affecting the insurance sought has been withheld.

"(c) The insurance herein applied for shall not be in effect until the premium has been paid in full and the policy delivered to me during my lifetime and good health, but the policy shall bear the date of its issuance and all future premiums shall become due on such policy date and all policy values and extended insurance shall be computed therefrom, provided that, if the premium be paid with this application in full in cash, as distinguished from note or other form of settlement, then in that event, and provided insurance is issued as applied for at the premium rate stated herein, such insurance shall be in force from the date of the unconditional approval of the completed application by the company's medical director, and the first policy year shall, unless otherwise requested, begin from the date of such approval.

"(d) If the premium be paid with this application, such payment is made subject to the conditions in receipt hereto attached.

"(e) All declarations herein made and my statements to the medical examiners, together with the policy, shall constitute the entire contract between the parties thereto.

"(f) My acceptance of any policy issued on this application will, without further notice, constitute a ratification by me of any additions or amendments to this application made by the company in the space provided for 'additions or amendments' referred to in question No. 8 above, photographic copy of which constitutes sufficient notice to me of the change made."

That:

"The receipt issued by the agent of the defendant to plaintiff at the time the application for a policy of life insurance was made by plaintiff was as follows:

"This receipt not valid for single premium, nor for more than first year's premium on any policy, nor in excess of a premium on $50,000 of insurance; void unless settlement described herein corresponds exactly with settlement as described on face of application of corresponding serial number.

"Received from ———, this the ——— day of ———, 19——, an application for insurance on h—— life for $———, on the ——— plan, with an annual premium of $———; also, $——— dollars in cash, and note for $———, due ———, to be applied in payment of premium on said insurance, provided such policy of insurance is issued by the International Life Insurance Company, St. Louis, Mo., upon said application. "If full cash settlement, as distinguished from note or other form of settlement, has been made with the application and if insurance is issued as applied for, and at the premium stated herein, such insurance shall be in force from date of the unconditional approval of the completed application by the company's medical director. If said application is not so approved by the company, but policy subject to special conditions or a modified policy is offered, said policy shall not be in effect until delivered to and duly accepted by the applicant during lifetime and good health. If said application is not approved by the company, the settlement herein acknowledged will be returned forthwith upon surrender of this receipt.

"No conditions or agreements other than printed herein and in the application shall be binding."

And that (plea 3) no policy was delivered; that (plea 4) the application was not approved by defendant's medical director; and that (plea 5) before approval and pending an investigation of the application defendant received notice of the death of the applicant and no policy was issued. Plea 6 is a plea of non est factum.

[1-3] Special replications allege, to state them in short, that at the time of the application, February 11, 1926, insured paid the premium for one year to the defendant's authorized agent, acting within the line and scope of his authority as such agent, and that said agent agreed that insured would thereafter be protected by a policy in the defendant company for a period of one year, that insured died February 15, 1926—the briefs and the pleadings agree that he was accidentally killed—and that defendant or its authorized agents "kept and retained said money and said premium for an unreasonable length of time, to wit, for a period of six months, without returning the same or offering to return the same either during the life of the said Raymond Floyd Ivie [the alleged insured], or after his death," thereby impliedly ratifying and confirming the contract of insurance.

In Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175, it was held, with citation of numerous authorities, that, in the absence of statute law to the contrary, an agent, duly authorized to bind the insurer by the delivery of contracts of insurance, may make such contracts by parol. But where the applicant enters into a definite agreement that the insurance applied for shall not be in effect until the policy is delivered, that such insurance shall be in force from the date of the unconditional approval of the application by the insurer's medical director, and that, if the premium be paid with the applica-

tion, such payment is made subject to the conditions stated in a receipt which refers to and adopts the conditions stated in the application, the insurance becomes effective only when the conditions have been fulfilled. Upon consideration of the terms of the several pleas in question and the allegations of the several counts of the complaint, it appears to be necessary to hold that they all relate to one and the same transaction. In that case the alleged parol agreement is in contradiction of the terms of the application, and the receipt and did not affect them. On the other hand, it was a nullity. Thompson v. Life Insurance Co., 104 U. S. 252, 26 L. Ed. 765. The demurrers to the pleas were therefore overruled without error.

The special replications proceeded upon the theory that the retention of the first premium money constituted by implication or estoppel a contract of insurance between the applicant and the insurance company. But, unfortunately, the death of the applicant occurred within four days of the date of the application, as the special replications allege. The contractual status of the parties became fixed upon the death of the applicant. At that time there had been no contract agreed upon; the application was still pending and undisposed of when knowledge of the death of the applicant came to the company. Thereafter "no new contract between the parties by a waiver or estoppel could be created, as one of the contracting parties was dead." Valentine v. W. O. W., 180 Cal. 192, 180 P. 2, 8 A. L. R. 380.

It results that the judgment must be affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.