184 So. 171

### AMERICAN LIFE INS. CO. OF ALABAMA v. CARLTON.

#### 6 Div. 74.

Supreme Court of Alabama.

Feb. 17, 1938.

Rehearings Denied May 26 and June 16, 1938.

As Modified on Restoration to the Docket Oct. 6, 1938.

Further Rehearing Denied Nov. 10, 1938.

Hugh A. Locke and Andrew W. Griffin, both of Birmingham, for appellant.

**610**

Chas. W. Greer, of Birmingham, for appellee.

BOULDIN, Justice (as modified on rehearing).

An executory contract to insure, or to issue a policy of insurance, is an obligation to insure upon the terms of a policy expressly or impliedly assented to by both parties. The cause of action for breach of such executory agreement, after loss ensues, is the same as under the policy to be issued, and the measure of damages the same. 1 Couch, Encyc.Ins.Law, § 82; 32 C.J. 1098; Commercial Fire Ins. Co. v. Morris & Co., 105 Ala. 498, 18 So. 34; Home Ins. Co. v. Adler, 77 Ala. 242; Alabama Gold Life Ins. Co. v. Mayes, Adm'r, 61 Ala. 163; Liverpool & London & Globe Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880.

The cause of action for breach of an executory contract to issue a policy of life insurance on an application in writing then pending, naming a beneficiary to whom the insurance is to be made payable, is, after the death of the insured, vested in the beneficiary. The action must be brought by him and not by the personal representative of the insured. The contract whose breach is charged was to issue a policy payable to him.

Such is the logical import of authorities above cited. The beneficiary, not the insurer, suffers the loss of the death benefit.

It would be anomalous to award the estate of the insured damages for losses he did not suffer. A recovery by the personal representative becomes assets of his estate. The estate, in such case, could not be enhanced by a compliance with the contract to issue the policy. Any rule which recognizes a right to recover as damages the amount of the promised policy in such cases must recognize the perfected right of the beneficiary to such damages in lieu of the sum accruing to him if the contract had been complied with.

We concur with the text of Corpus Juris (37 C.J. 380) that "the proper person to sue is the beneficiary and not the administrator of deceased, unless the administrator is also the beneficiary." Carter v. Bankers' Life Ins. Co., 83 Neb. 810, 120 N.W. 455; Fox v. Volunteer State Life Ins. Co., 185 N.C. 121, 116 S.E. 266; 12 Am. Jurisprudence, p. 842.

The "administrator is also the beneficiary" when, under the contract, the benefit is payable to the estate of the insured; when the fruits of recovery accrue to the estate by the terms of the contract. See Fox v. Volunteer State Life Ins. Co., supra.

Appellee relies upon Royal Neighbors of America v. Fortenberry, 214 Ala. 387, 107 So. 846. While the complaint in that case or several counts thereof were in form ex contractu, the case, as developed in the evidence, is summarized in the concluding portion of the opinion in these words: "It would seem to follow that whether, under an old line policy of fraternal insurance, the right of action for failure to promptly issue, or negligence in the due issue of the policy or certificate, pursuant to the application, is in the insured or her personal representative, and not in the beneficiary named in the application."

The case dealt with an application for a death benefit in a fraternal association. The decision set out the stipulations of the application, the provisions of the constitution, and other matters. It was observed that the applicant reserved the right to accept or reject the policy when issued. Contracts must be mutual.

The contract rights, if any, were to have the application for membership, etc., acted upon at the home office with reasonable promptness, and, if approved, the certificate issued. In that case it appeared the

application was approved, but pending the same the insured had died and the policy could not be delivered. We have no occasion here to consider whether a cause of action arose in favor of the personal representative under the facts of that case. This view of that decision was taken in the later case of Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A.L.R. 1231.

The instant case is based on the theory that through a lawfully authorized agent the insurer accepted the payment of the premium and entered into a binding contract to issue the policy specified in the application within a few days. This policy was payable to a named beneficiary. It is different in principle from the Fortenberry Case.

■ True, where the insured reserves in the policy or contracted policy the right to change the beneficiary, the named beneficiary has no vested interest while the insured lives; but it does become vested upon the death of the insured.

■ And when the insured has taken the steps required of him to effect a change of beneficiary but such change is never made as stipulated in the policy, the new beneficiary rather than the original is entitled to the death benefit on an interpleader between them. McDonald v. McDonald, 212 Ala. 137, 141, 102 So. 38, 36 A.L.R. 761.

This case is quite analogous in principle to the instant case.

In the numerous rulings opposed to these views, the trial court erred. No other question need be considered.

Reversed and remanded.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.

NOTE: It having come to the attention of Mr. Justice GARDNER that he was incompetent to sit in this cause, the same, at his request, was restored to the rehearing docket, the former opinion withdrawn, former judgment set aside and the cause considered de novo. Whereupon, the foregoing is made the original opinion of the court, Justice KNIGHT sitting in place of Justice GARDNER.