6 So.2d 432

## LIBERTY NAT. LIFE INS. CO. v. STAGGS.

### 5 Div. 363.

Supreme Court of Alabama.

Feb. 19, 1942.

364

Gerald & Gerald, of Clanton, for appellant.

Reynolds & Reynolds, of Clanton, for appellee.

FOSTER, Justice.

The suit here is founded on an alleged verbal executory contract to insure the life of plaintiff's infant daughter, then only a few days old, whereby it is claimed that the insurance was to be effective from the date of the verbal agreement, when an application was taken for the sort of policy described in it, and which was later to be issued. That was approximately the middle part of March, 1939. The policy was agreed on and was issued dated March 27, 1939, effective from that date, and delivered on March 25. The child died the night of that day, after the delivery of the policy, and before its effective date. The weekly premium of ten cents was paid for two weeks before the death occurred. The suit was originally on the policy, but by amendment it is based on the verbal agreement, and the count on the policy was stricken.

The power to make such a contract and the nature of the suit based on it are discussed in American Life Ins. Co. v. Carlton, 236 Ala. 609, 184 So. 171. The suit in the instant case is fully supported by that authority.

The question hinges upon the authority of the agent of defendant to make such a contract binding on defendant. His authority in this instance cannot be inferred from his course of conduct. He was shown to have been in the habit of collecting premiums on policies of this sort weekly and was doing so from this plaintiff as the holder of another policy, and on one of such collecting visits the instant agreement is alleged to have been made. His actual authority was in writing in a contract entitled "Your Agency Franchise," and recited:

"As holder of this franchise, you are an independent contractor engaged in building and operating your own business, in the pursuit of which you are authorized to sell and service this company's policies of life insurance. These are three kinds: weekly premium policies, special monthly policies and ordinary policies."

We have recognized the general rule that an agent whose authority is limited to soliciting insurance delivering policies and collecting premiums has no power to change stipulations in a contract of insurance: that to do so he must either be a general agent or be specially so authorized or his course of dealing to that extent have been ratified expressly or impliedly. Christian Benevolent Burial Ass'n v. Thornton, 241 Ala. 13, 1 So.2d 8; American Life Ins. Co. v. Aladdin Temple B. Ass'n, 238 Ala. 512, 191 So. 903; Home Ins. Co. v. Scharnagel, 227 Ala. 60, 148 So. 596. And cannot waive the breach of any

condition of the policy after its delivery. Home Ins. Co. v. Scharnagel, supra; Indemnity Co. of America v. Bollas, 223 Ala. 239, 135 So. 174; London & Lancashire Ins. Co. v. McWilliams, 215 Ala. 481, 110 So. 909.

And for like reason such an agent cannot make a binding contract of insurance or to insure. 29 Amer.Jur. 149, 150, section 133, note 13.

There was also in evidence a certificate from the State Bureau of Insurance whereby this person was said to be "duly appointed agent of the Liberty National Life Insurance Company, organized under the laws of the State of Alabama and that said agent is duly authorized within the authority conferred by the company to transact the business of life insurance for said company during the year 1939." This was by virtue of the Act approved September 14, 1935, General Acts 1935, p. 1115. See Code of 1940, Title 28, sections 80 and 81.

But the terms of neither the certificate nor Act of the Legislature undertake to prescribe the authority of the agent. But on the contrary the certificate is specific that his authority is that conferred by the company. And the Act authorizes a certificate to be the agent's license to transact business in the State on behalf of the insurer named. We have said that as to life insurance agents such certificate is not prima facie evidence of authority to make contracts of insurance. American Life Ins. Co. v. Aladdin Temple B. Ass'n, supra.

So that the full limit of the agent's authority in the instant case is that expressed in the Agency Franchise, supra. There is much in that contract, other than the stipulation we quoted from it to indicate a purpose not to confer general agency on this person. The quoted provision is one the like of which we have not found in the law books. "An independent contractor * * * authorized to sell and service this company's policies of life insurance." There is also much in it to show authority to do things ordinarily done by a collecting agent, and refers to "policies secured by you." What is it to "sell and service" policies of life insurance? Whatever else it may mean, there is nothing in such language that gives authority to make contracts of life insurance. It is not shown that this agent ever did so and that his act was ratified or approved by de-

fendant. The only conduct shown, and which appears to have been ratified, was to receive an application for insurance on a blank which he supplied, deliver the policy of insurance for which he took the application, and collect premiums on it and on other policies of the company.

We see nothing in any of this or in the agency contract called a "franchise," which is sufficient on which to find that the agent had either the expressed or implied authority to make the contract of insurance which is the foundation of this suit.

It results that in our opinion the affirmative charge requested by defendant should have been given. We do not think that it is material to consider the other assignments of error.

Reversed and remanded.

GARDNER, C. J., THOMAS, and LIVINGSTON, JJ., concur.