The plaintiff was employed by Post Exchange No. 13 at Camp Polk, the Exchange being one of several operated by the same concern at Camp Polk in selling goods, wares and merchandise, such as toilet articles, notions, cold drinks, candy and beer, as well as other articles purchased and used by the soldiers at the Camp.
Plaintiff was injured in the course of his employment while handling a beer container about half full of ice water. He claims that he fell when he slipped on a step and the beer can struck him in the lower part of his left side causing an incomplete hernia. He sued the compensation carrier of the Post Exchange for compensation for total and permanent disability for a period not exceeding four hundred weeks on the basis of 65 per cent of $15 per week. While several defenses to the suit were set up in the answer of the insurance company, the only defense now urged is that the plaintiff was not injured while engaged in a hazardous occupation so as to bring his claim within the compensation law.
The trial judge dismissed the suit, and the plaintiff has appealed.
Under the sole issue presented in the case, it is necessary to determine first the nature of plaintiff's duties and the kind of work he was doing at the time he was injured. The kind of business carried on by the Post Exchange where plaintiff was working was in the nature of a retail merchandise business, which kind of business is not designated in the compensation law as hazardous. But the Exchange also used motor trucks to haul beer and other commodities from its central warehouse to the various Post Exchanges operated at the Camp, and, of course, this part of its business was hazardous. The defendant concedes that, if plaintiff's duties included loading or unloading beer and other merchandise from these trucks, he would be entitled to compensation, but the defendant contends that plaintiff was only a porter at this Exchange No. 13, his duties being to sweep and mop the floors, clean up the trash on the inside and outside, bring in boxes from the storeroom to the sales room, and keep the beer and other cold drinks on ice.
The record shows that this Exchange is operated in a building with two small rooms, the rear room serving as a kind of storeroom for the cases and boxes containing the merchandise, and the other room is the salesroom where the customers are served. Cans known as G.I. (Government Issue) cans are used for icing the beer and cold drinks. Part of plaintiff's duty was to pick up the cases of beer and other cold drinks in the storeroom and put the bottles in the cans, and then with an *Page 174 
ice pick, chip off a sufficient amount of ice from an ice block to pack the ice around the bottles and keep them cold. He was also required to empty the water out of the cans and refill them with bottles and ice as required. A can will hold four cases of beer — about 96 bottles — and around the bottles would be put about 50 pounds of ice, making the can then weigh around 150 pounds.
While the lifting and handling of these cases of beer and blocks of ice did involve considerable manual labor, it was not such work as is designated as hazardous and is not covered by the compensation law. Rester v. Community Stores, Inc., La.App., 169 So. 183. Plaintiff has attempted to bring his claim under that class of cases which hold that where an employee is engaged in both hazardous and nonhazardous work and is injured while engaged in the nonhazardous part of his work, he is entitled to recover compensation. He testified that he unloaded the trucks which brought cases of beer and other cold drinks from the central warehouse to the Exchange; that he unloaded the cases of beer from the trucks and stacked them in the storeroom.
As already stated, counsel for defendant concede that the insurance company would be liable to plaintiff for compensation if, as a part of his duties, he was required to help unload the trucks when delivering merchandise to the Exchange. But the defendant contends, and two witnesses so testified, that no part of plaintiff's duties required him to assist in unloading trucks; that these trucks were unloaded and loaded and operated by other employees of the Post Exchange, and if plaintiff did at any time help unload these trucks, he was doing something entirely outside of his duties. The witnesses who testified to this effect were J.A. Campbell, manager of these Exchange Posts, and Guy Dickson, the steward at this particular Post No. 13 at the time plaintiff was injured. The trial judge must have believed these two witnesses as to plaintiff's duties rather than the bare statements of plaintiff himself as to the nature of work he was required to do. There is nothing in the record to justify us in finding differently from the trial judge on this point.
As was said by the Supreme Court in the recent case of Brownfield v. Southern Amusement Co., et al., 196 La. 73, 74,198 So. 656, in applying the provisions of the Workmen's Compensation Law, Act No. 20 of 1914, to cases where an employee is injured in a business or occupation not specifically mentioned in the law as hazardous, the inquiry is whether or not the duties of the employee required him to perform services of a hazardous nature incidental to his employment and directly associated with his employer's business. There is certainly not sufficient proof in the record in this case for us to hold that the duties of the plaintiff under his employment required him to perform services of a hazardous nature incidental to his employment.
For the reasons assigned, the judgment appealed from is hereby affirmed. *Page 229