This case involves a dispute over whether an insurance company is bound by its agent's alleged oral statements which contradict insurance application provisions. From an order granting defendant's motion for summary judgment, plaintiff appeals.
On or about November 13, 1975, Miss Lois Garnett, an agent of Paramount Life Insurance Company, visited the plaintiff, Susie McGhee, to discuss insurance coverage. Garnett had previously talked with Mrs. McGhee's husband concerning insurance. The McGhees were interested in obtaining a cancer insurance policy. Garnett offered to sell them a policy which also contained an accidental death provision. It would pay fifteen thousand dollars on the accidental death of either McGhee. Mrs. McGhee signed her husband's name to the insurance application and gave Garnett a check for $9.50 as first payment on the policy.
In her deposition, Mrs. McGhee states that Garnett told her that there would be a waiting period for cancer coverage but that the accidental death portion of the policy would be effective immediately. However, both the application she signed and the receipt she received contain provisions to the contrary. The application states:
 I hereby certify that I understand that the insurance applied for herein becomes effective upon the policy issue date and *Page 971 
not on the date of application. I further certify that I understand that the premium is due on the policy issue date and thereafter as indicated below. I hereby further certify that the above is true and correct to the best of my knowledge.
The receipt reads as follows:
RECEIPT
 Received from _____ the sum of $9.50 as the premium for _____ under a proposed policy to be issued on the basis of an application to Paramount Life Insurance Company of Little Rock, Arkansas, subject to the terms and conditions of said application and any policy issued by the Company on the basis thereof. It is agreed that should the application not be approved by the Company, the applicant shall accept a return of the above premium upon surrender of the receipt to the Company.
Mrs. McGhee also testified that she did not read the application prior to her signing it, nor did she read the receipt.
Mrs. McGhee's husband died the next day from accidental causes. She asserts that shortly after his death, a Mrs. Charles Griggs visited her, representing himself as supervisor and district manager of Paramount Life Insurance Company. She claims he told her that Paramount taught its agents that the accidental death portion of the policy became effective upon receipt by the agent of the premium.
Paramount refused to pay Mrs. McGhee and returned her check of $9.50.
Suit was brought by Mrs. McGhee claiming that the accidental death portion of the policy was in effect at the time of her husband's death which would entitle her to the policy amount. Paramount moved for summary judgment, contending that it had not acted upon the McGhee insurance application and that no policy of insurance had been issued on her husband's life. A copy of the insurance application and receipt given Mrs. McGhee were attached to the motion. In opposition to this motion, the deposition and affidavit of Mrs. McGhee and the affidavit of Myrtle Reeves were submitted to the court.
From an order granting Paramount's motion for summary judgment, McGhee appeals.
Generally, in the absence of stipulations to the contrary, the insurance risk commences with the completion of the insurance contract, whether that be effected by approval of the application, payment of the first premium or the delivery of the policy. Mutual Savings Life Ins. Co. v. Osborne, 245 Ala. 15, 15 So.2d 173 (1943); National Life Accident Ins. Co.,220 Ala. 314, 124 So. 886 (1929).
In considering what effect an application for insurance would have insofar as the completion of the insurance contract is concerned, this Court has stated in Cherokee Life Ins. Co. v.Brannum, 203 Ala. 145, 82 So. 175 (1919), that:
 An application for insurance is a mere proposal on the part of the applicant. When the insurer signifies acceptance of it to the "proposer," the minds of the parties meet and the contract is made. [Citations omitted.] The acceptance must be signified by some act or acts agreed upon by the parties, or from which the law raises the presumption of acceptance. [Citations omitted.]
203 Ala. at 148. See also, Liberty Nat. Life Ins. Co. v. Smith,356 So.2d 646 (Ala. 1978); Life Ins. Co. of Georgia v. Miller,292 Ala. 525, 296 So.2d 900 (1974).
The terms contained in both the application and receipt are clear and unambiguous. The application states that the policy does not become effective until the policy issue date. The receipt states that the issuance of the proposed policy depends upon approval of the application by Paramount. As the premium was paid with the application, this payment was subject to the conditions stated in the receipt, which refer to and adopt the conditions stated in the application, and the insurance thus becomes effective only when these conditions have been fulfilled. See Ivie v. International Life Ins. Co., 217 Ala. 559,117 So. 176 (1928). *Page 972 
McGhee contends that summary judgment was nevertheless inappropriate because there still exists a genuine issue of material fact, as to whether Garnett had the authority to bind Paramount to immediate coverage notwithstanding contrary provisions in the application.
The general rule concerning the authority of an insurance agent to bind his company to an oral contract is stated in 43 Am.Jur.2d Insurance § 206 (1969), as being:
 The authority of an insurance agent to bind his company by oral contracts may be limited by restrictions in the application. If the application for insurance stipulates that the insurer incurs no liability until the policy is issued and delivered, there can be no recovery in the absence of such issuing and delivery even though the first premium is paid and the agent who solicits the insurance assures the applicant that it will go into effect at once.
Alabama, however, recognizes a distinction between an agent who merely solicits insurance customers for his company and a general agent. A soliciting agent has no power to change stipulations in a contract of insurance. This distinction was clearly stated in Liberty National Life Ins. Co. v. Staggs,242 Ala. 363, 6 So.2d 432 (1942):
 We have recognized the general rule that an agent whose authority is limited to soliciting insurance, delivering policies and collecting premiums has no power to change stipulations in a contract of insurance: that to do so he must either be a general agent or be specially so authorized or his course of dealing to that extent have been ratified expressly or impliedly.
242 Ala. at 364, 6 So.2d at 433.
The test to determine whether a person is a general agent or merely a soliciting agent is whether the agent has the power to bind the insurer to the agent's contract of insurance or to issue policies or to accept risks. If an agent has the actual authority to do these things, he is considered a general agent and may bind his insurance company by oral contract, or by waiving certain policy or application provisions. Fidelity Casualty of New York v. Thomas, 315 F. Supp. 89 (M.D.Ala. 1970). Furthermore:
 An agent who is, by certain limitations, less than a general agent may bind his principal as though he were a general agent by apparent authority. While an agent's powers can be limited, and such limitations be binding as between the company and the agent, this could not affect third persons relying upon his apparent authority without notice of his limitations. [Citations omitted.]
Hartford Accident Indemnity Co. v. Oglesby, 293 Ala. 620,308 So.2d 695 (1975).
We find summary judgment to have been improvidently granted. The record is bereft of any evidence which would establish, as a matter of law, that Garnett was merely a soliciting agent. McGhee has submitted her own affidavit and the affidavit of Myrtle Reeves in opposition to defendant's motion for summary judgment. Myrtle Reeves, in her affidavit, states:
. . . I bought a cancer and accidental death policy from Mrs. Lois Garnett with Paramount Life Ins. Co. I purchased the policy before Bobby McGhee died. The policy was identical to that purchased by Susie McGhee. At the time I purchased the policy, Mrs. Garnett told me that it would go into effect as soon as she received the premium. I gave her a check at the same time I filled out the application.
Mrs. McGhee's affidavit asserts that Charles Griggs, who represented himself as district manager of Paramount Life, told her that:
 The Paramount Life Ins. Co. taught its agents at training sessions that the accidental death portion of the policy became effective when the agent received the premium. He said he could not understand why the company has refused to pay.
Whether Garnett had the authority to orally waive the application provision is a question of fact for jury determination. As stated in 3 Couch on Insurance 2d, § 16:68: *Page 973 
 Whether or not an insurance company has clothed its agent with apparent authority to act for it in a given matter is for the jury, where the evidence with respect to determining facts is conflicting. Where previous acts done by an insurance agent with the acquiescence of the insurer are relied upon to establish apparent authority of the agent to do a particular act, the prior act shown as evidence must be of the same kind and character as the act with which it is sought to charge the principal.
The judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., and EMBRY, J., dissent.