This is an appeal from a directed verdict in a suit filed by Watson based upon fraud by Prudential's failing to convert certain life insurance policies according to his wishes. We affirm.
Count One in the complaint filed by Watson on December 2, 1976, alleged that:
 On or about the 15th day of March, 1975, the Defendant and Plaintiff were negotiating concerning the purchase by the Plaintiff from the Defendant two insurance policies. . . . At the time the Defendant Agent, Gerald Zalfas represented to the Plaintiff . . . [facts which were false] and the Defendant knew that these representations were false . . ."
In Count Three (Count Two was dismissed by the trial judge), Watson alleged:
 On or about the 15 day of March, 1975, the Defendant sold to the Plaintiff two insurance policies consisting of one policy in the amount of $50,000, and the other in the amount of $100,000, both being level-premium, whole-life insurance policies. The Defendant expressly warranted that he would follow the wishes of the Plaintiff purchaser and convert the existing policies into the two above mentioned policies, one $50,000 policy and one $100,000 policy both being level-premium, whole-life insurance policies.
 In fact the Defendant purchased policies which were contrary to what the Plaintiff had intended that the Defendant purchase, the Defendant took the premium money paid by the Plaintiff and purchased six policies, five being modified life insurance policies and one term insurance policy, all of which were not wanted by the Plaintiff
 WHEREFORE, the Plaintiff demands judgment against the Defendant in the amount of $50,000 and costs.
Prudential filed a motion to dismiss Count One, and the trial judge agreed that it should be dismissed because the suit was barred by the statute of limitations. But, he granted a motion for a more definite statement, and admonished Watson to determine whether he could amend so that a cause of action could be alleged. Watson assured the judge that he could amend so as to allege that he had not learned of the fraud until less than one year from the date *Page 286 
the suit was filed. The motion to dismiss was overruled.
The case was tried to a jury and at the close of Watson's evidence, Prudential moved for a directed verdict. Watson neither amended his complaint to bring his fraud action within the statute of limitations, nor did the evidence prove that the statute did not bar the claim. Thus, the trial judge had no choice — he directed a verdict in favor of Prudential.
A fraud action is subject to the one-year statute of limitations under Code 1975, § 6-2-39, but the statute does not begin to run until the discovery of the fraud pursuant to §6-2-3. Board of School Commissioners v. Reynolds, 294 Ala. 21,310 So.2d 876 (1975). And, where an action is brought more than one year after the discovery of the fraud, it is barred. StateSecurity Life Ins. Co. v. Henson, 288 Ala. 497, 262 So.2d 745
(1972). Here, the action was barred, and the trial judge correctly directed a verdict on motion of Prudential.
Count three sounds in breach of contract, yet Watson did not argue breach of contract in brief. His brief is committed to his action in fraud. However, we note that had he argued breach of contract, his argument would have had no merit. The evidence shows that the agent with whom Watson dealt was only a soliciting agent who had no authority to bind Prudential. So, assuming that the agent promised to convert Watson's existing policies to other policies, that promise could not bind the company. Cf. Liberty National Ins. Co. v. Staggs, 242 Ala. 363,6 So.2d 432 (1942).
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.