Harold Autrey appeals from a summary judgment granted in favor of Blue Cross-Blue Shield and Don Lawhorn in this action to recover damages for breach of an insurance contract and reckless misrepresentation. We affirm in part, reverse in part, and remand for further proceedings.
In late April or early May 1983, Autrey discussed with Lawhorn[1] the possibility of purchasing a group policy of hospital insurance for his company. On May 5, 1983, Lawhorn prepared an enrollment agreement for Autrey and furnished application cards for him and two of his employees to complete and return. The application cards, in pertinent part, read as follows:
 "I hereby make application for one of your Hospital Service Certificates. . . . I understand that this application is subject to your acceptance and that you will evidence its acceptance by forwarding to me an identification Card specifying the types and effective dates of the contract and coverage thereunder for which I am eligible. . . ."
The Hospital Service Certificate, for which application was made, provides for its issuance "in consideration of the application of the Subscriber for this Certificate and of the payment in advance of the applicable fees." Section VI of the Certificate, entitled "Fees And Term," reads, in part:
 "1. FEES — Fees are due and payable to, and must be received by, the Corporation in advance. . . .
 "2. TERM — In the event that the initial fee is received and accepted by the Corporation, this Contract shall commence and continue in force from and after the Subscriber's Effective Date for the term for which fees have been paid in advance and from term to term thereafter so long as the applicable fees are paid in advance unless terminated as hereinafter provided.
 "3. GRACE PERIOD — A grace period of thirty (30) days shall be allowed within which the Subscriber may make payment . . . to the Corporation of any fees except the initial fee. . . ."
Section VIII, subpart 3, entitled "Varying Terms of Contract," reads:
 "No representative or employee of the Corporation is authorized to vary the terms and conditions of this Contract between the Corporation and the Subscriber or to make any agreement or promise not specifically contained herein or to waive any provision hereunder other than by written endorsement issued so as to form a part of this Contract and signed by an executive officer of the Corporation."
Although disputed by Lawhorn, Autrey contends that he offered to pay an initial premium on May 5, but that Lawhorn represented to him that coverage would be *Page 347 
effective as of that date if he returned the application cards and initial premium anytime during the month of May. Five days later, on May 10, Autrey's wife, Carolyn, was hospitalized. It is undisputed that at the time of her admittance, the application cards and initial premium had not been returned by Autrey to either Lawhorn or Blue Cross. In her affidavit, submitted in opposition to the motion for summary judgment, she states that she was informed by officials at the hospital that coverage had been confirmed with Blue Cross and, consequently, no payment was required upon her release. Blue Cross subsequently refused to pay for Mrs. Autrey's May 10 hospitalization and Autrey filed this suit, alleging breach of contract and reckless misrepresentation.[2]
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56 (c), Ala.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v. Phillips,404 So.2d 614 (Ala. 1981).
It is well recognized that an application for insurance is a mere offer which does not ripen into a contract unless, and until it is accepted by the insurance company. Liberty NationalLife Insurance Co. v. Smith, 356 So.2d 646 (Ala. 1978). Furthermore, an agent whose authority is limited to soliciting insurance, delivering policies, and collecting premiums has no power to make a binding contract of insurance or to change stipulations in a contract of insurance. To do so, he must either be a general agent or be specially so authorized, or his course of dealing to that extent must have been ratified expressly or impliedly by the company. Liberty National LifeInsurance Co. v. Staggs, 242 Ala. 363, 6 So.2d 432 (1942).
Summary judgment on the contract claim was proper in the present case because the application cards and initial premium were not returned by Autrey to either Lawhorn or Blue Cross prior to Mrs. Autrey's hospitalization. Moreover, Lawhorn, being only a soliciting agent, had no authority to vary the terms of the contract and thus bind Blue Cross. Autrey's contractual claim, which is based upon alleged misrepresentations made by Lawhorn and by someone at Blue Cross (according to the affidavit of Mrs. Autrey), is, therefore, foreclosed to him. Watson v. Prudential Insurance Co.,399 So.2d 285 (Ala. 1981). The affidavit of Mrs. Autrey, which was submitted in opposition to the motion for summary judgment, was insufficient as failing to meet the requirements of Rule 56 (e), Ala.R.Civ.P., in that it was not made on personal knowledge of the facts. See also Arrington v. Working Woman'sHome, 368 So.2d 851 (Ala. 1979). She states in the affidavit, "I was advised by the hospital that coverage had been confirmed." She failed to state that she knew personally that coverage had been confirmed or the substance of any conversation which might have taken place between officials at Blue Cross and officials at the hospital.
However, even though Lawhorn lacked the authority to bind Blue Cross in contract, this fact is not conclusive in proof to extinguish its liability for his alleged reckless misrepresentation. This Court has previously stated:
 "`The liability of a corporation for the torts of its employees, whether agent or servant, is grounded upon the principle of "respondeat superior," not the principles of agency. The factual question to be determined is whether or not the act complained of was done, either by agent or servant, while acting within the line and scope of his employment. The corporation or principal may be liable in tort for the acts of its servants or agents, done within the scope of employment, real or apparent, even though it did not authorize or ratify such acts or even *Page 348 
expressly forbade them.'" (Citations omitted.)
National States Insurance Co. v. Jones, 393 So.2d 1361, 1367
(Ala. 1980) (quoting from Old Southern Life Insurance Co. v.McConnell, 52 Ala. App. 589, 296 So.2d 183, 186 (1974)).
In the present case, there is sufficient evidence to raise an issue of fact as to whether Lawhorn, acting within the scope of his employment, represented to Autrey that coverage was effective on May 10, 1983. Therefore, summary judgment in favor of Blue Cross and Lawhorn was improper with regard to the issue of reckless misrepresentation.
The judgment of the trial court is affirmed as to the contract claim and reversed as to the claims of reckless misrepresentation, and the cause is remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and ALMON, SHORES and BEATTY, JJ., concur.
MADDOX and JONES, JJ., concur specially.
FAULKNER, J., recused.
[1] Lawhorn is a marketing representative with Blue Cross in its Mobile office. His authority is limited to soliciting enrollment agreements, taking application cards, and collecting premiums, which then must be forwarded to the home office in Birmingham. There, the decisions are made to accept or reject the applications and, if accepted, to issue each covered individual an identification card and certificate of coverage.
[2] In his complaint, in addition to the named defendants, Autrey stated a cause of action for reckless misrepresentation against certain fictitious parties in confirming to his wife and/or the hospital officials prior to her admittance that she was covered.