Steve Burt and Jeffrey Soleman, d/b/a Cash Carry Auto Parts, appeal from a summary judgment granted in favor of Commercial Union Insurance Company in their action to recover damages for breach of contract, misrepresentation, negligent handling of an insurance claim, and bad faith failure to pay the claim. We affirm in part, reverse in part, and remand.
Burt and Soleman had obtained a comprehensive insurance policy on their business through William Broadfoot, an independent agent. Broadfoot had placed this coverage with American Mutual Insurance Company. When the time came to renew the policy, Burt and Soleman contacted Broadfoot. They wanted to renew their existing policy, which included coverage for loss of money by theft.
Broadfoot informed Burt and Soleman that he no longer operated as an independent agent. He had sold his business to Lanier, Huffman Robinson, an insurance agency headquartered in Atlanta, Georgia, and was working out of his office as an employee of Lanier, Huffman Robinson. Broadfoot told Burt and Soleman that they could obtain through Lanier, Huffman 
Robinson the same coverage that they had with American Mutual Insurance Company.
In his deposition, Burt testified as follows:
 "Q So, you had an old [insurance] policy with Broadfoot; and what did you ask Broadfoot to do for you?
 "A I wanted it renewed. He said at that time that he had been bought out; but he would send it to Lanier, Huffman and Robinson and ask for exactly the same coverage.
"Q Tell me what happened.
 "A He sent it, they [Lanier, Huffman Robinson] called us back and they said if we would lower the liability on something we could raise it on something else and get a better rate. We said okay. We said, `We do have the same coverage?' `Yes, you do.' . . ."
Harris Rutsky, marketing and underwriting manager for Lanier, Huffman Robinson at that time, testified by affidavit, as follows: That he was contacted by Broadfoot regarding the coverage requested by Burt and Soleman; that he sent applications to Broadfoot for insurance coverage with Commercial Union Insurance Company, for whom Lanier, Huffman 
Robinson "had authority to underwrite, bind coverage and issue policies of insurance"; that Broadfoot completed the application for a "merchant package" and submitted it to Lanier, Huffman Robinson; and that the application contained spaces where an applicant could select coverage for loss of money by theft, but Broadfoot left these spaces blank.
Lanier, Huffman Robinson then issued a policy to Burt and Soleman. It is a matter of dispute whether the amount paid by Burt and Soleman is indicative that coverage for loss of money by theft was contemplated by the parties. It is undisputed, however, that the policy itself had no provision for such coverage.
During the term of the policy, Burt and Soleman's Cash 
Carry Auto Parts store in Montgomery was burglarized; certain merchandise was taken, and $2,832.01 in money and checks was stolen. Burt and Soleman submitted a claim for the losses to Commercial Union. Commercial Union paid the claim for merchandise, but refused to pay that portion of the claim relating to loss of money, on the ground that the policy did not provide coverage for that portion of the loss. Consequently, Burt and Soleman brought this action against Commercial Union.
The trial court set out its reasons for granting summary judgment in favor of Commercial Union, as follows: *Page 549 
"Summary Judgment
 "The Court has considered the argument made, the pleadings in the file, the depositions of Jeffrey Soleman and Steven Burt, the affidavits of Jeffrey L. Maas, Harris Rutskey [sic] and Steven D. Burt. In considering this case the Court concludes that any misconduct was clearly the misconduct of William Broadfoot, the local insurance agent involved in securing the insurance contracts in issue, and that said misconduct on the part of William Broadfoot cannot be legally visited upon the Defendant, Commercial Union Insurance.
 "The Court finds that there is no genuine issue of material fact in this case in regard to the Plaintiffs' claim against the Defendant, Commercial Union Insurance. . . ." (Emphasis added.)
Burt and Soleman contend that Broadfoot's misconduct should be regarded as the misconduct of Commercial Union. They argue that Broadfoot was a subagent of the general agent for Commercial Union, and, as such, had authority to make representations on behalf of Commercial Union. We believe that there is at least a scintilla of evidence presented to support these arguments.
Harris Rutsky stated in his affidavit that his employer, Lanier, Huffman Robinson, "had authority to underwrite, bind coverage and issue policies of insurance" for Commercial Union Insurance Company. By definition, this authority to bind the company in contract made Lanier, Huffman Robinson a general agent for Commercial Union. Washington National Insurance Co.v. Strickland, 491 So.2d 872 (Ala. 1985); McGhee v. ParamountLife Insurance Co., 385 So.2d 969 (Ala. 1980).
It is undisputed that Broadfoot was an employee of Lanier, Huffman Robinson, the general agent. In ConsolidatedUnderwriters Insurance Co. v. Landers, 285 Ala. 677, 682,235 So.2d 818, 822 (1970), this Court characterized one in Broadfoot's position a "subagent." The Court stated that "`[w]here duly authorized insurance agents employ subagents to solicit insurance, and perform other acts in relation thereto, the acts of such subagents within the scope of such delegated authority are in effect the acts of the agent. This may mean, in turn, that they are the acts of the insurer.'" Id. (quoting from Appleman, Insurance Law Practice, § 8701). The Court further stated: "`As a consequence of the delegation of his authority by an insurance agent within the scope of his agency to subagents, clerks, or assistants, the insurer becomes bound by their acts to the same extent as by the acts of the agent himself.'" Id., 285 Ala. at 682, 235 So.2d at 823 (quoting from 43 Am.Jur.2d, Insurance, § 160, pp. 217-18, and § 161, p. 219). The Court held in the Landers case that it is a fact question whether a general agent may employ subagents in a particular case; where the general agent has that authority, the insurer will be bound by the acts of the subagent. 285 Ala. at 683,235 So.2d at 823.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56 (c), Ala.R.Civ.P. With regard to Burt and Soleman's claims for breach of contract and misrepresentation, we do not believe that Commercial Union Insurance Company was entitled to a judgment as a matter of law. There is a genuine issue of material fact whether Broadfoot was acting as a subagent so that his misconduct might be imputed to Commercial Union. The law does not recognize errors or omissions made by agents or employees of an insurance company, whether in the preparation or processing of the application or in the actual issuance of the policy, as the basis for an insurance company's denial of a claim. RelianceInsurance Co. v. Substation Products Corp., 404 So.2d 598 (Ala. 1981). Therefore, we find that summary judgment on the breach of contract and misrepresentation claims was improperly granted. *Page 550 
The other two claims made by Burt and Soleman were properly dismissed by summary judgment. The claim for bad faith nonpayment is without merit, because Commercial Union had at least a debatable reason for denying the claim in this case, in that the policy, on its face, did not provide coverage for theft of money. See Mueller v. Hartford Insurance Co. ofAlabama, 475 So.2d 554 (Ala. 1985). Likewise, the claim of negligence has no merit. The evidence does not establish a negligence cause of action for improper handling of insurance claims. Calvert Fire Insurance Co. v. Green, 278 Ala. 673,180 So.2d 269 (1965).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
MADDOX, JONES, ALMON and BEATTY, JJ., concur.