Larhue Harbison filed suit against Albertville National Bank, alleging breach of a contract based upon a promise of employment "until she [Mrs. Harbison] decided to retire" by terminating Harbison's employment on January 31, 1984, which was before she wanted to retire; alleging promissory *Page 1085 
estoppel based upon the same "promise"; and alleging fraud for making such a representation.
The Albertville National Bank filed an answer denying the allegations of the complaint and subsequently filed two special pleas: (1) Statute of Frauds and (2) lack of actual authority of an officer of the Bank to enter into such an employment agreement and thereby make it a binding contract on the bank.
Albertville National Bank also filed a motion for summary judgment, relying on the pleadings, the depositions of Bill Nolen and Waurine Clemons, employees of that bank, the deposition of Mrs. Harbison, and an affidavit of Bill Nolen. Mrs. Harbison filed an affidavit in opposition to the motion for summary judgment. The trial court granted the bank's motion for summary judgment. We affirm.
The standard of review applicable to this case is well established. See Rule 56 (c), Ala.R.Civ.P. In this case, summary judgment for the defendant would be proper if it clearly appears that there is no evidence as to an essential element of plaintiff's cause of action. If there is any evidence tending to establish each element of the cause of action, then summary judgment would be inappropriate. In determining whether there is evidence to support each element — i.e., to raise a genuine question of fact as to whether that element exists — this Court must review the record in a light most favorable to the plaintiff and resolve all reasonable doubts against the defendant. Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784, 786 (Ala. 1981); Autrey v. Blue Cross Blue Shield of Alabama, 481 So.2d 345 (Ala. 1985); Burt v.Commercial Union Insurance Co., 489 So.2d 547 (Ala. 1986).
The following is a summary of the evidence and pleadings, presented in the light most favorable to Mrs. Harbison:
In late 1980, Mrs. Harbison, who had then worked for Central Bank in Albertville for approximately 12 years, was contacted by an employee of the Albertville National Bank (hereinafter "the Bank"). Several years prior to this, Mrs. Harbison had applied for employment at the Bank. Mrs. Harbison met with Bill Nolen, president of the Bank, at the Bank. Mrs. Harbison informed Nolen that she had not planned to leave her employment at Central Bank and that she had been there for 12 years and had only 15 years to work before retirement. Mrs. Harbison was approaching her fiftieth birthday when this conversation took place. Nolen told Mrs. Harbison, "Well, if you come on to our bank, you'll be with us, you'll have more years with us at our bank at retirement than you've already got at Central Bank." Mr. Nolen did not sign anything. She told him, "I have not planned on leaving . . . because I have been up there [at Central Bank] twelve years and it wouldn't be but fifteen years until I'll be retiring. I do plan to work until retirement." He said, "Then come on down to our bank, and you'll have fifteen years with us. That will be more than you've got up at Central."
Still drawing the inferences most favorable to Mrs. Harbison, the evidence suggests it was her understanding when she left the interview that she would have a job at the Bank until she retired because of what Nolen, the bank president, had said "as to the fact that if [she] came to work for the [Bank], that by the time [she] retired, [she] would have worked more years there than [she] had at Central Bank."
At some time after this interview with Nolen, Mrs. Harbison submitted an application for employment. This was attached as Exhibit 1 to Nolen's affidavit. Approximately a half inch below the place where Mrs. Harbison had handwritten the names of her personal references and two inches above Mrs. Harbison's signature, the following appears: "If hired, I agree to give due notice of resignation of at least thirty days and understand that no stated term of employment is offered and may be terminated at your will."
Thereafter, Mrs. Harbison was employed by the Bank and worked from December 1980 until January 31, 1984, when her employment was terminated by the Bank, *Page 1086 
against her will and before she intended to retire.
The trial court treated the "employment contract" as a contract for life, but granted summary judgment, finding Nolen did not have actual authority to bind the Bank to this kind of contract, citing the cases of National Union Life Insurance Co.v. Ingram, 275 Ala. 310, 154 So.2d 666 (1963); and Jordan v.Mallard Exploration, Inc., 423 So.2d 896 (Ala.Civ.App. 1982).
On appeal from a summary judgment, this Court must examine the same evidence and pleadings that were considered by the trial court in its ruling. Lowe v. East End Memorial Hospital,477 So.2d 339 (Ala. 1985). If, after considering the evidence and pleadings that were considered by the trial court, this Court is convinced that summary judgment was properly granted, it will affirm, despite the fact that this Court's reasons for so doing are different from those stated by the trial court.Lowe v. East End Memorial Hospital, supra,
In the instant case, the question of prime importance is whether there is any evidence in the record to show a contract of employment definite as to its duration. The statements attributed to Nolen concerning Mrs. Harbison's plans to retire in 15 years are in no way an offer or promise of employment for 15 years from which the bank could escape only with Mrs. Harbison's consent or by her death. In any event, the statements were made during negotiations for employment between Mrs. Harbison and Nolen; therefore, any agreement or understanding which Mrs. Harbison felt that she had with Nolen at the time the statements were made would have been merged into the subsequent written employment contract. Guilford v.Spartan Food Systems, Inc., 372 So.2d 7 (Ala. 1979). Mrs. Harbison executed an application, in which she acknowledged that she could resign at any time by giving 30 days' notice and that she was an employee at will. The application was the offer, which was accepted by the Bank. We do not find any evidence in the record to show a contract of employment definite as to its duration; therefore, summary judgment was proper as to the contract count.
Because we do not find any evidence in the record of a promise, summary judgment was also proper as to the promissory estoppel count.
The utterance made by Nolen was not a false representation concerning a material fact. It was not even a promise. At most, it was a speculation of something that might take place in the future. In Alabama, fraudulent misrepresentation actions cannot be based upon mere expressions of opinion. D.H. HolmesDepartment Store v. Feil, 472 So.2d 1001 (Ala. 1985); Harrellv. Dodson, 398 So.2d 272 (Ala. 1981). Therefore, summary judgment was also proper as to the fraudulent misrepresentation count.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.