Although I concur in the foregoing opinion, I write specially to amplify the discussion concerning the doctrine of respondeat superior. In Southern Life Health Ins. Co. v. Turner,571 So.2d 1015 (Ala. 1990), vacated Pacific Mutual Life InsuranceCo. v. Haslip, 499 U.S. ___, 111 S.Ct. 1032, 113 L.Ed.2d 1
(1991), affirmed on remand, Southern Life v. Turner,586 So.2d 854 (Ala. 1991), this Court provided a full discussion of the doctrine of respondeat superior. Although the United States Supreme Court vacated the original opinion in Southern Life
with respect to punitive damages, I believe that the discussion of respondeat superior is still the best statement of our law on that doctrine.
 "Under respondeat superior, a principal can be liable in tort for its agent's acts that are done within the scope of employment, either real or apparent, even though the principal did not authorize such acts or even expressly forbade them. No evidence of authorization or ratification is needed. That theory has been extended to cases where the fraud was committed for the agent's own benefit and to the principal's detriment. Pacific Mutual Life Ins. Co. v. Haslip, 553 So.2d 537 (Ala. 1989), cert. granted, 494 U.S. 1065, 110 S.Ct. 1780, 108 L.Ed.2d 782 (1990); Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 305 (Ala. 1986); Joyner v. AAA Cooper Transportation, 477 So.2d 364, 365 (Ala. 1985).
". . . .
 "In light of the fact that the relationship between agency and respondeat superior is often confused, we do believe that a comment on that relationship is appropriate. The distinction between the law of agency and the law of respondeat superior is subtle.
 " 'The general rule that a principal is liable for the torts of his agent is not grounded on agency principles. This is evident from the holdings that a principal may be held for his agent's tort committed in the course and scope of the agent's employment even though the principal does not authorize, ratify, participate in, or know of, such misconduct, or even if he forbade or disapproved of the act complained of. Fundamentally, there is no distinction to be drawn between the liability of a principal for the tortious act of his agent and the liability of an employer or master for the tortious act of his employee or servant. In both cases, the tort liability is based on the employer and employee, rather than any agency, principle; the liability for the tortious act of the employee is grounded upon the maxim of "respondeat superior" and is to be determined by considering, from a factual standpoint, the question whether the tortious act was done while the employee, whether agent or servant, was acting within the scope of his employment.'
"3 Am.Jur.2d Agency § 280 at 783 (1986).
 "Alabama follows the rule stated in Am.Jur.2d. In Autrey v. Blue Cross Blue Shield of Alabama, 481 So.2d 345 (Ala. 1985), the Court stated:
 " ' " 'The liability of a corporation for the torts of its employees, whether agent or servant, is grounded upon the principle of "respondeat superior," not the principles of agency. The factual question to be determined is whether or not the act complained of was done, *Page 38 
either by agent or servant, while acting within the line and scope of his employment. The corporation or principal may be liable in tort for the acts of its servants or agents done within the scope of employment, real or apparent, even though it did not authorize or ratify such acts or even expressly forbade them.' " (Citations omitted.)'
 "Id. at 347-48 (citing National States Insurance Co. v. Jones, 393 So.2d 1361, 1376 (Ala. 1980), and quoting from Old Southern Life Insurance Co. v. McConnell, 52 Ala. App. 589, 594, 296 So.2d 183, 186
(1974)). Based on the foregoing analysis, the Court in Autrey found that there was sufficient evidence to raise a factual issue that warranted reversing a summary judgment on the issue of whether a representative of the defendant insurance company was acting within the scope of his employment when he represented to the insurance applicant the effective date of coverage. See also, Craft v. United States, 542 F.2d 1250, 1254-55 (5th Cir. 1976); Scott v. Great Atlantic Pacific Tea Co., 338 F.2d 661 (5th Cir. 1964); Pacific Mutual Life Ins. Co. v. Haslip, 553 So.2d 537, 541-42
(Ala. 1989), cert. granted, 494 U.S. 1065, 110 S.Ct. 1780, 108 L.Ed.2d 782 (1990); AVCO Corp. v. Richardson, 285 Ala. 538, 541-42, 234 So.2d 556, 559-60 (1970); Perfection Mattress Spring Co. v. Windham, 236 Ala. 239, 182 So. 6 (1938); Hardeman v. Williams, 150 Ala. 415, 418-21, 43 So. 726
(1907).
 "The above authorities make it clear that, under circumstances analogous to those in the present case, the actual basis of a principal's liability turns on the doctrine of respondeat superior. It follows that the rule that a principal may be held liable for the acts of his agent by ratifying them is a subpart of the broader rule of respondeat superior, which imputes liability to a principal (employer) for acts of an agent (employee) performed within the scope of the agent's (employee's) employment."
571 So.2d at 1017-19. The plaintiffs in the instant case have not proven that the doctrine of respondeat superior should apply in this case because the plaintiffs have presented no substantial evidence of an employment relationship. The facts are that the relationship in question is one of a lessee/lessor and licensee/licensor for the use of property, and liability cannot be imputed to a lessor on a theory of respondeat superior.